■ LISA A. BROWN et al., Appellants, v TELEREP, INC., et al., Respondents. [693 NYS2d 34] —Order, Supreme Court, New York

County (Barry Cozier, J.), entered June 17, 1998, which, to the extent appealed from as limited by appellants' brief, granted defendants' motion to compel plaintiff to produce her psychiatric records, unanimously reversed, on the law, with costs and disbursements, and the motion denied.

In this action against Telerep, Inc., her former employer, and others, plaintiff asserted eight causes of action, including, *inter alia*, constructive discharge and breach of an employment contract, as well as tortious interference. In the seventh and eighth causes of action, plaintiff sought damages for defamation and intentional infliction of emotional distress. After answering, defendants, in a document request, sought "[a]ll documents concerning [plaintiff's] allegation in paragraph 44 of the complaint that she has suffered mental anguish, including medical records, evaluations or reports from physicians, psychiatrists, psychologists or other individuals concerning physical or mental injuries or conditions." Plaintiff failed to produce these records during two rounds of her deposition. Thereafter, plaintiff served an amended complaint which no longer asserted the emotional distress and defamation causes of action. Also removed from the amended complaint were any references purportedly made by defendant's president and general sales manager relating to plaintiff's lack of mental stability, leaving, in that regard, only those statements that plaintiff was a troublemaker and the cause of "major internal problems" at Telerep. Thus, the amended complaint removed from issue plaintiff's mental, emotional and psychological condition. After service of the amended complaint, defendants moved to compel compliance with the aforesaid document request. The IAS Court granted the motion. On appeal, only the production of plaintiff's psychiatric or psychological records is at issue. We reverse.

Pursuant to CPLR 4507, medical records reflecting consultations between a patient and his or her psychologist are privileged and thus exempt from disclosure as a matter of law, unless the patient, by having placed his or her medical condition in issue, waives the privilege. (*See, Dillenbeck v Hess*, 73 NY2d 278.) Since plaintiff has eliminated her causes of action for intentional infliction of emotional distress and defamation, and proceeds solely on her contract and tortious interference claims, she has removed the affirmative interjection of her mental or emotional condition from the case. Thus, the direction that plaintiff produce her psychiatric records should be stricken. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ.