Zampieri v. Price Chopper Operating Co. of Vermont, Inc., No. 511-8-05 Wncv (Toor, J., Dec. 20, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WASHINGTON COUNTY, SS

| | |
|---|---|
| JONATHAN ZAMPIERI,<br> Plaintiff<br><br>v.<br><br>PRICE CHOPPER OPERATING<br>COMPANY OF VERMONT, INC,<br>et al.,<br> Defendants | SUPERIOR COURT<br>Docket No. 511-8-05Wncv |

RULING ON MOTION TO COMPEL

Plaintiff has sued his former employer for false imprisonment, assault, battery, and intentional infliction of emotional distress in connection with an interrogation allegedly conducted by the employer in October of 2004. Currently before the court is the employer's motion to compel.

The employer, Price Chopper, seeks Zampieri's "medical and psychological records for the ten years prior to the incident[.]" Motion to Compel, p. 1. The justification for this request is that Zampieri "has put his mental and bodily states at issue" by seeking damages for "mental and bodily distress." Id., p. 2.

Zampieri objects to the disclosures, arguing that he "only seeks compensation for the pain, fear, humiliation and embarrassment that he suffered when the Defendants imprisoned and assaulted him." Opposition to Motion, pp. 1-2. He represents that he "will not present any expert to prove his damages." Id. p. 2. Thus, he argues, "[t]he jury need only determine whether any reasonable person would have felt the pain and distress" for which Zampieri seeks compensation. Id.

There is no question that the records sought are privileged unless there has been a waiver of the privilege. 12 V.S.A. § 1612; V.R.E. 502. Plaintiff has provided an overview of several different approaches courts have taken to determine when the psychotherapist–patient privilege has been waived. This court does not see a need for any special test for such records that would be different from the test for waiver of any medical records. The bottom line is merely whether the allegations raised by the patient have put in issue the prior records. Mattison v. Poulen, 134 Vt. 158 (1976); V.R.E. 502(d)(3).

<u>Count 4</u>

Count 4 is a claim for intentional infliction of emotional distress. It asserts that Zampieri experienced "unreasonable, V.S.A. § and outrageous emotional distress[.]" Complaint ¶ 25. This goes beyond "garden variety" emotional distress. Thus, it places Zampieri's emotional condition at issue. *Accord*, Brown v. Telerep, 693 N.Y.S.2d 34, 35 (N.Y. App. Div. 1999) (intentional infliction of emotional distress claim injected plaintiff's mental and emotional condition into case); Vasconcellos v. Cybex Int'l, Inc., 962 F.Supp. 701, 708-09 (D. Md. 1997) (same). Zampieri has indicated that he would dismiss this count if the court reached such a conclusion. If Count 4 is not dismissed, however, Zampieri will be required to produce the requested psychological treatment documents within thirty days of this order.

<u>Counts 1, 2 and 3</u>

If Count 4 is dismissed, the question then becomes whether any of the other claims in this case constitute a waiver of the privilege for medical or psychological records. The court concludes that they do not. None of the claims assert that Zampieri has suffered any lasting physical or emotional injuries. Although there is an allegation of being pushed into a wall, Zampieri does not allege that he has suffered from any medical conditions or injuries other than the temporary pain one might expect from such a shove. Nor are there any allegations that he is continuing to suffer any emotional distress or psychological problems as a result of the alleged incident. He does not allege, for example, that he now suffers from post-traumatic stress disorder, or is unable to go into small rooms because it brings back memories of the

incident. Any allegations of such ongoing problems would, in the court's judgment, justify the production of prior records to determine whether other cause for such problems existed.

Here, however, the claims are nothing more than general "garden variety" claims of temporary pain and distress. They require no medical or psychiatric testimony, and do not raise questions about whether there may be other causes for the injuries. Nothing about those claims puts in issue Zampieri's past medical or physical condition.[1] *Accord,* Ruhlmann v. Ulster County Dep't of Social Services, 194 F.R.D. 445, 450-51 (N.D.N.Y. 2000) ("a party does not put his or her emotional condition in issue be merely seeking incidental, 'garden-variety,' emotional distress damages, without more."); Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D.Ill. 1999) (no waiver when claims are limited to "the negative emotions she experienced essentially as the intrinsic result of the defendant's alleged conduct" and where no evidence would be presented concerning "any resulting symptoms or conditions that she might have suffered.").

<u>Order</u>

The motion to compel is granted as to Count 4 and denied as to all other counts of the complaint.

Dated at Montpelier this 20th day of December, 2005.

_____
Helen M. Toor
Superior Court Judge

---

[1] The test is really one of reasonableness. If a plaintiff alleges only that her arm was hit by a falling brick and it caused her great pain when it happened, a jury can determine from the evidence of the impact that it must have hurt. No prior medical records are relevant. If the claim, however, is that her arm was broken and has never healed properly, causing long-term problems, the answer is different. At that point any prior medical treatment concerning that arm, and any prior injuries thereto, become relevant and discoverable because they may disclose other causes of the ongoing problems.