■ SHALAINE Y. JONES, Appellant, v FEGS-WeCARE/HUMAN RESOURCES, NYC, Respondent. [30 NYS3d 860]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about April 10, 2015, which, insofar as appealed from, denied plaintiff's motion for a protective order as to requested Health Insurance Portability and Accountability Act of 1996 (HIPAA) authorizations and granted defendants'

cross motion to compel plaintiff to produce those authorizations, unanimously modified, on the law and the facts, to limit the discovery from August 2012 to the present, and otherwise affirmed, without costs.

Plaintiff was a participant in defendant FEGS-WeCARE's (FEGS) mental health program. Plaintiff seeks damages from FEGS for its alleged negligence and violation of her privacy and confidentiality rights in connection with its role in having her involuntarily admitted to a hospital emergency psychiatric ward.

As part of discovery, FEGS seeks HIPAA-compliant authorizations enabling it to obtain plaintiff's mental health-related medical records from 2007 to the present.

Plaintiff waived the physician-patient and psychologist-patient privileges that apply to the records (CPLR 4504, 4507; *Dillenbeck v Hess*, 73 NY2d 278, 283-286 [1989]; *Brown v Telerep, Inc.*, 263 AD2d 378, 379 [1st Dept 1999]), because she placed her mental condition at issue by requesting damages for psychological injuries (*see Starling v Warshowski*, 148 AD2d 441, 442 [2d Dept 1989]; *see also Churchill v Malek*, 84 AD3d 446, 446 [1st Dept 2011]) and by challenging the reasonableness of FEGS's assessment of her psychological state. We find the motion court properly determined that the requested authorizations are discoverable, but should have limited it from August 2012 to the present.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.