Winslow v New York-Presbyt./Weill-Cornell Med. Ctr. (2022 NY Slip Op 01760)





Winslow v New York-Presbyt./Weill-Cornell Med. Ctr.


2022 NY Slip Op 01760


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 100348/20 Appeal No. 15528 Case No. 2021-02175 

[*1]Jonathan Patrick Winslow, Plaintiff-Appellant,
v
New York-Presbyterian/Weill-Cornell Medical Center et al., Defendants-Respondents.


Jonathan P. Winslow, appellant pro se.
Martin Clearwater & Bell LLP, East Meadow (Gregory A. Cascino of counsel), for New York-Presbyterian/Weill-Cornell Medical Center, Sheyla Reyes, David Brda, MD., Benjamin Brinton, MD, Thomas Henry Finch, MD, David Hankins, MD, Darlene Mary Mitera, MD, New York-Presbyterian/Payne, Whitney Psychiatric Clinic, Katherine Goettsche, MD, Daphne Loubriel, MD, and Patricia Murphy, MSW, for respondents.
Lebedin Kofman, LLP, New York (Michael S. Leinoff of counsel), for Barbara Winslow, respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 1, 2021, which granted the motion of all defendants except Barbara Winslow (the NYPH defendants) to dismiss the cause of action for false imprisonment as against them as barred by the applicable statute of limitations, denied plaintiff's cross motion for a protective order precluding disclosure of his medical records, and ordered plaintiff to provide HIPAA-compliant authorizations for specified providers and a specified time range, and granted defendant Barbara Winslow's (B.W.) motion to dismiss the complaint as against her as barred by the applicable statute of limitations, unanimously affirmed, without costs.
Plaintiff failed to establish his entitlement to a protective order (see generally e.g. Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]). Given the allegations in the complaint and the bill of particulars, plaintiff waived his physician-patient privilege in the records sought by the NYPH defendants (see Koump v Smith, 25 NY2d 287, 294 [1969]; Jones v FEGS-WeCARE/Human Resources, NYC, 139 AD3d 627 [1st Dept 2016]). Moreover, the nature of plaintiff's claims and the evidence adduced thus far are sufficient to warrant discovery as to the cause of his claimed injuries, at which the NYPH defendants' demand for authorizations is aimed (see Akel v Gerardi, 193 AD3d 476 [1st Dept 2021]). The NYPH defendants are also entitled to authorizations to obtain records in anticipation of a collateral source hearing (see generally CPLR 4545). Plaintiff's argument that a discovery demand for medical record authorizations is not legally authorized is incorrect (see CPLR 3101[a]; 3121; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3121:7 ["examination is not necessary to the demand"]; Uniform Rules for Trial Cts [22 NYCRR] § 202.17[b][2]; see also Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [1983]).
The motion court correctly dismissed as time-barred the false imprisonment claim against the NYPH defendants and the defamation claim against B.W. (CPLR 215[3]). The court also correctly dismissed the balance of the action as against B.W. insofar as the complaint could be construed as asserting claims for fraud and emotional distress. The complaint does not allege B.W.'s fraudulent acts with the requisite degree of particularity (see CPLR 3016[b]), and does not allege that plaintiff detrimentally relied on B.W.'s alleged misrepresentations (it alleges that NYPH so relied) (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829 [2016]). The claim for intentional infliction of emotional distress is barred by the one-year statute of limitations (see e.g. Bridgers v Wagner, 80 AD3d 528, 528 [1st Dept 2011], lv denied 17 NY3d 717 [2011]; Gallagher v Directors Guild of Am., 144 AD2d 261 [1st Dept 1988], lv denied 73 NY2d 708 [1989]), and the claim for negligent infliction of emotional distress fails because the [*2]complaint does not allege that B.W. breached a duty owed to plaintiff, unreasonably endangering his physical safety or causing him to fear for his own safety (see Sheila C. v Povich, 11 AD3d 120, 130 [1st Dept 2004]).
We decline plaintiff's request to grant him leave to amend the complaint, made for the first time in his reply brief.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022