**S.W. v Mount Sinai Hosp.**

2025 NY Slip Op 32362(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 154369/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**                    PART            62M

*Justice*

-------------------------------------------------------------------------------X

S. W., GRISELDA DELEON

                              Plaintiff,

                    - v -

THE MOUNT SINAI HOSPITAL, THE CITY OF NEW YORK,

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154369/2023 |
| MOTION DATE | 01/03/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for                    DISMISSAL                    .

This is an action which seeks damages for personal injuries allegedly sustained by the infant plaintiff, S.W., and her mother Griselda Deleon. The complaint alleges that on February 26, 2022 plaintiff S.W. received medical care and testing which "was mishandled" and which led to the Administration of Children's Services (ACS) being contacted. Plaintiffs further claim that ACS harassed and inappropriately handled and mistreated plaintiff Griselda Deleon.

Plaintiff claims that because of defendants' negligence Plaintiff, S.W. "was detained and exposed to toxis [sic] pathogens causing plaintiff to contract severe illnesses with permanent bodily-including pulmonary-harm and permanent psychological harm." Further, the complaint alleges that S.W. "sustained multiple bodily and psychological injuries, which have caused both Plaintiffs to incur and continue to incur expenses for medical attention and treatment."

Defendant Mount Sinai Hospital now moves for an order pursuant to CPLR 3126 dismissing the complaint due to plaintiff's willful and contumacious failure to comply with

**154369/2023   W., S. ET AL vs. THE MOUNT SINAI HOSPITAL ET AL**                    **Page 1 of 5**
**Motion No.  001**

1 of 5

discovery. In the alternate, Mount Sinai seeks an order of preclusion and, pursuant to CPLR 3124, an order compelling plaintiff to provide all outstanding discovery.

On November 21, 2024, the jurist then handling this matter permitted the filing of this motion and set a specific briefing schedule with deadlines (see NYSCEF DOC 20). In accord with the schedule, Mount Sinai filed this motion on January 3, 2025. However, Defendant failed to submit timely opposition within two weeks, and instead submitted opposition on February 3, 2025. This Court then permitted Mount Sinai to file reply papers.

As an initial matter, the Court declines to consider plaintiff's untimely opposition to the motion, as plaintiff never sought an extension of time nor otherwise attempted to show good cause for the delay (*see* CPLR 2214 [b]; *see also Estrella v Uptown Health Care Mgt., Inc.,* 234 AD3d 569 [1ˢᵗ Dept 2025]).[1] In any event, consideration of the opposition would not change the determination of the motion.

CPLR 3124 permits a party to move to compel disclosure where there is a failure to respond to or comply with any discovery request or demand. CPLR 3126 vests in this Court broad discretion to impose discovery sanctions for those who disobey discovery orders or obligations. More specifically, the statute permits the Court to, inter alia, 1) "issue an order that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order;" or 2) issue "an order prohibiting the disobedient party from supporting or opposing designated claims or defenses, from producing in evidence designated things or items of testimony, or from introducing any evidence of the physical, mental or blood condition sought to be determined, or from using certain witnesses."

---

[1] Plaintiff also failed to appear for a pre-motion conference on November 21, 2024.

Here, the allegations and issues raised in this case clearly place the health and medical records of plaintiff at issue. Briefly, the matter originated when plaintiff Griselda Deleon brought her five-year-old daughter, S.W. to Mount Sinai's ER for treatment with "complaints of pelvic pain, burning during urination, thick white vaginal discharge, and bleeding around her vulva." Various tests were performed, and multiple tests returned positive for gonorrhea, a sexually transmitted infection. Plaintiff Griselda Deleon was asked to return the next day with S.W., and she informed multiple hospital staff that she also tested positive for gonorrhea one month earlier in January 2022. As a mandated reporter, Mount Sinai activated an investigation by ACS.

Based on the foregoing and the allegations in this case, Mount Sinai served numerous discovery demands seeking, among other things, medical records for Griselda Deleon, including her STI testing records, and authorizations for other records (see NYSCEF DOCS 8-14). Plaintiff claimed not to be in possession of many records (see NYSCEF DOC 25). Between November 2023 and September 2024, Mount Sinai sent eight good faith letters to resolve discovery issues.

Among the issues was that plaintiff restricted the period of time that Defendant could obtain relevant records from February 26, 2022, to present. The restriction on the authorizations prevented Defendants from determining any conditions or illnesses that may or may not have occurred before February 26, 2022, and which may be related to the allegations in this case.

On October 30, 2024, Plaintiff served a response to Defendant's September 16, 2024, good faith letter which was nearly identical to the response provided on September 21, 2023. Plaintiff objected to providing relevant discovery, provided authorizations which were restricted in time, and failed to provide authorizations that would permit Defendant to obtain medical records for Griselda Deleon because such requests were "outside the scope of discovery." (see NYSCEF DOCS 25, 41).

**154369/2023   W., S. ET AL vs. THE MOUNT SINAI HOSPITAL ET AL**          **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

Further, on December 6, 2024, co-defendant New York City sent all parties a Stipulation via e-mail which would permit the release of the ACS investigation records (to all parties including Plaintiff). Plaintiff did not respond. On December 16, 2024, Mount Sinai followed up with Plaintiff to request they sign the stipulation so that Defendants could have access to the ACS records. To date, Plaintiff has neither responded nor signed this stipulation which would permit the release of highly relevant ACS investigation records.

It is well settled that Mount Sinai is entitled to broad discovery of plaintiff's relevant medical records and other records (*see Winslow v. NY-Presbyt./Weill-Cornell Med.Ctr.,* 203 AD3d 533, 533-534 [1st Dept 2022]). The records sought here are highly relevant and critical to the defense of the claims made by plaintiff.

While plaintiff's failure and refusal to comply with reasonable discovery demands is concerning, the Court finds that the sanction of dismissal is too severe at this juncture. However, the Court finds it appropriate to compel plaintiff to provide all outstanding discovery within 30 days of this order. Specifically, plaintiff must provide: a Supplemental Bill of Particulars; unrestricted authorizations; a complete response to Defendant's June 14, 2024 Notice for Discovery & Inspection and Demand for Authorizations; a complete response to Defendant's August 16, 2023 Demand for Authorizations; and a response to Defendant's February 14, 2024 Demand for Authorizations seeking medical records and STI records for Griselda Deleon. Plaintiff must also respond to the stipulation regarding ACS records.

Further, the Court is granting conditional preclusion, prohibiting plaintiff from producing evidence supporting the claimed injuries in the event they continue not to comply with discovery demands in this case. To be clear, should plaintiff fail to provide all outstanding discovery as

**154369/2023   W., S. ET AL vs. THE MOUNT SINAI HOSPITAL ET AL**          **Page 4 of 5**
**Motion No.  001**

ordered within 30 days of this order, Mount Sinai has leave to file a motion to convert this conditional preclusion to a final order of preclusion against plaintiff.

Accordingly, it is

ORDERED, that the motion is granted in part as detailed above; and it is further

ORDERED, that plaintiff shall provide all outstanding discovery within 30 days of this order; and it is further

ORDERED, that plaintiff is conditionally precluded from presenting evidence unless plaintiff responds to all outstanding discovery within 30 days; and it is further

ORDERED, that Mount Sinai has leave to file further motions in accordance with this decision.

This constitutes the Decision and Order of this Court.

20250707173618ACHESLEREC72C109D11C4E43B8230F89349ED4FA

| 7/7/2025 | | | | | | ARIEL D. CHESLER, J.S.C. | |
|----------|---|---|---|---|---|---|---|
| **DATE** | | | | | | | |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**154369/2023   W., S. ET AL vs. THE MOUNT SINAI HOSPITAL ET AL**
**Motion No.  001**

Page 5 of 5

5 of 5

[* 5]