■ DAVID W. BERNSTEIN et al., Appellants, v VICTOR FREUDMAN et al., Respondents.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on February 27, 1991, which denied plaintiffs' motion to dismiss defendants' fifth affirmative defense alleging a failure to mitigate damages, and granted plaintiffs' motion to strike interrogatories and defendants' cross-motion to compel discovery to the extent of directing the parties to appear at a discovery conference before a special master authorized to make rulings and recommendations to the IAS court, unanimously affirmed, with costs.

Defendants now assert as an affirmative defense that plaintiffs failed to mitigate their damages. Parties generally have a duty to mitigate damages *(Saboundjian v Bank Audi,* 157 AD2d 278), the satisfaction of which generally presents an issue of fact *(see, Phillips Petroleum Co. v Premium Coal & Oil Co.,* 19 AD2d 613). Plaintiffs had the burden of showing on their motion that the defense of failure to mitigate is inadequate on its face *(Manniello v Dea,* 92 AD2d 426), a burden that they did not meet. We have considered each of the plaintiffs' arguments on this point, and find them to be without merit. Referral of all discovery issues to a special master was appropriate, given sharply controverted facts *(see, Belle v Chromalloy Am. Corp.,* 51 AD2d 933). We do not find it necessary to decide at this time whether the disputed discovery requests seek relevant information. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.