■ In the Matter of the Conservatorship of ETHEL BROWN-STONE, as Conservatee. [594 NYS2d 31] —Order of the Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about October 30, 1991, which denied appellant's cross-motion to vacate the court's order entered May 31, 1991 directing that certain files of the County Clerk relating to this matter be impounded and closed, unanimously reversed, on the law, without costs. Order of the same court, entered on or about December 2, 1991, as amended by the court's order entered on or about December 11, 1991, which granted the successor conservator's motion for leave to pay legal fees, disbursements and litigation costs, unanimously reversed, on the law, and the motion denied, without costs, without prejudice to renewal upon sufficient proof.

In 1987, appellant Roberta Starzecpyzel was appointed as co-conservator of the estate left in trust to Ethel Brownstone by her husband. Mrs. Brownstone, who is afflicted by Alzheimer's disease, is the lifetime beneficiary of the trust. She appears in this litigation by guardian ad litem. Appellant Starzecpyzel is Mrs. Brownstone's niece.

This controversy involves the disposition of certain estate assets, specifically artwork, removed from the Brownstone residence. Both the attorney who served as the original co-conservator of Mrs. Brownstone's property and the attorney who replaced her allege that appellant engaged in conduct which resulted in the wasting of assets of the estate. In response to cross-petitions filed by appellant and the attorney subsequently appointed as co-conservator, the court removed both and, in May 1990, appointed respondent Alfreida B. Kenny as the sole successor conservator.

The court commenced hearings on whether appellant had engaged in waste and conversion of estate assets. Respondent Kenny presented an affidavit detailing the results of her investigation, concluding that credible foundation exists for prosecution of a civil action against appellant. In an order entered May 31, 1991, Supreme Court directed that respon-

dent's affidavit and the order itself, granting respondent's *ex parte* application, be impounded and sealed. In the first order appealed from, the court denied appellant's cross-motion to vacate that part of the May 28, 1991 order sealing the documents. In the second order appealed from, the court granted respondent's motion to pay counsel fees, out of estate assets, which were incurred in conducting her investigation into the wasting of assets and in preparing to institute litigation against appellant.

No legitimate basis has been stated which warrants the sealing of documents in this case. The statutory and common law of this State have long recognized that civil actions and proceedings should be open to the public in order to ensure that they are conducted efficiently, honestly, and fairly. Section 216.1 (a) of the New York Uniform Rules for Trial Courts (22 NYCRR 216.1 [a]) provides, in pertinent part: "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties."

Supreme Court failed to specify, in writing, the reason for its order sealing the records. The only document contained in the record before us which alludes to the order is a handwritten note by the clerk confirming an oral direction from the Judge's law clerk to impound the specified documents. The reference to "attorney work product" in the court's order of October 30, 1991 is insufficient to justify sealing the record. The court made no finding that the documents contain material prepared in anticipation of litigation pursuant to CPLR 3101 (d) (2) and, therefore, there is no basis upon which to conclude that respondent would be substantially prejudiced by permitting appellant access to the documents (CPLR 3103 [c]).

As to the December 2, 1991 interim award of legal fees, we note that while the amount to be awarded is directed to the sound discretion of the court, the conservatee's guardian ad litem is entitled to the opportunity to appear in opposition to the application. In addition, it is well settled that the award of fees must be based upon evidence which reflects the effort expended in representing the interests of the conservatee *(Matter of Freeman,* 34 NY2d 1, 9). Bare invoices, without contemporaneous records that justify the work undertaken and document the time expended, are insufficient *(Matter of*

*Schoonheim,* 158 AD2d 183, 189-190). Concur—Milonas, J. P., Rosenberger, Wallach and Rubin, JJ.