■ GRYPHON DOMESTIC VI, LLC, et al., Respondents, et al., Plaintiff, v APP INTERNATIONAL FINANCE COMPANY, B.V., et al., Appellants. [814 NYS2d 110]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered August 24, 2005, which, in an action arising out of plaintiffs' claims to the beneficial ownership of certain notes, granted plaintiffs' motion to file certain documents under seal and restrict access to them, as well as the subsequent impoundment order, same court and Justice, entered on or about September 6, 2005, unanimously reversed, on the law, without costs, the motion denied and the impoundment order vacated.

Plaintiffs are institutional traders in distressed debt commonly known as "vulture funds." They purport to hold interests in certain notes issued or guaranteed by defendants. On or about October 20, 2000, Supreme Court granted plaintiffs' motion for summary judgment on the notes, and on April 13, 2004, the court entered judgment against defendants for approximately $360 million. On appeal, this Court modified the judgment to the extent of vacating the awards premised on the so-called Lontar and Indah Kiat 06 Notes and remanded the matter for further proceedings (18 AD3d 286 [2005]).

Upon remand, defendants sought further discovery. Although the motion court declined to reopen the disclosure process, plaintiffs produced additional account statements as of July of 2002, as well as their trading logs regarding their purchases of the subject notes, but redacted the price information. Plaintiffs moved for summary judgment based upon the supplemental record and separately requested permission to file the unredacted documents under seal and to restrict access to this material to defendants' counsel-of-record.

By order entered August 24, 2005, Supreme Court granted the motion for leave to file certain documents under seal and restrict access to those documents that indicate how much plaintiffs paid for the promissory notes at issue. Consequently, the motion court directed that the impoundment order limit access to the parties' counsel. It is further held that defendants' claim that counsel needed to review the documents with them was unpersuasive. An order of impoundment ensued on or about September 6, 2005, directing the County Clerk to impound the documents marked "ATTORNEY'S EYES ONLY—SUBJECT

TO COURT ORDER" and to limit access to these documents to the parties' counsel.

Regarding the sealing of court records, 22 NYCRR 216.1 (a) states: "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (*see also Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d 1, 6 [2000] [existence of well-established judicial regard for ensuring public access to nonconfidential court records]).

Generally, this Court has been reluctant to allow the sealing of court records (*see Liapakis v Sullivan*, 290 AD2d 393 [2002]; *Matter of Brownstone*, 191 AD2d 167 [1993]), even where both sides to the litigation have asked for such sealing (*Matter of Hofmann*, 284 AD2d 92 [2001]).

In *Danco Labs.* (274 AD2d at 6), we noted the broad constitutional presumption, arising from the First and Sixth Amendments, as applied to the states by the Fourteenth Amendment, that the public is entitled to access to court proceedings. Since the right is of constitutional dimension, any order denying access must be narrowly tailored to serve compelling objectives, such as a need for secrecy that outweighs the public's right to access.

The right of access to proceedings as well as to court records is also firmly grounded in common-law principles, and the existence of the correlating common-law right to inspect and copy judicial records is " 'beyond dispute' " (274 AD2d at 6, quoting *Application of Natl. Broadcasting Co., Inc.*, 635 F2d 945, 949 [1980]; *see also Matter of Hofmann*, 284 AD2d at 93-94 ["(c)onfidentiality is clearly the exception, not the rule"]; *Danco Labs.*, 274 AD2d at 8 [necessity for a "legitimate basis" to justify the sealing of court documents]; *Matter of Brownstone*, 191 AD2d at 168 [statutory and common law have "long recognized that civil actions and proceedings should be open to the public in order to ensure that they are conducted efficiently, honestly, and fairly"]).

Consequently, a court is always required to make an independent determination of good cause before it may grant a request for sealing (*Matter of Hofmann*, 284 AD2d at 94 [embarrassing allegations against fiduciaries, even if ultimately found to be without merit, not sufficient basis for sealing order]; *see also Liapakis v Sullivan*, 290 AD2d at 394 [prejudice to reputations

caused by plaintiff's allegations of unethical and criminal conduct did not outweigh the clear public interest in such allegations]; *Matter of Brownstone*, 191 AD2d at 168 [court failed to specify, in writing, the reason for its order, and the reference to "attorney work product" in the court's order was not sufficient to justify sealing]).

This Court has authorized sealing only in strictly limited circumstances (*see e.g. Matter of Bernstein v On-Line Software Intl.*, 232 AD2d 336, 337 [1996], *lv denied* 89 NY2d 810 [1997] [to protect the confidentiality of trade secrets]; *Matter of Twentieth Century Fox Film Corp.*, 190 AD2d 483, 486-487 [1993] [to preserve the privacy of an infant]).

Plaintiffs, in moving to file certain documents under seal, maintained that the price information sought by defendants constitutes trade secrets "essential to the conduct of [their] business." The motion court found plaintiffs' assertion persuasive and granted their motion, holding that plaintiffs "have shown good cause for impounding the documents until further order."

Defendants now argue that the "attorney's eyes only" restriction should be removed from the pricing documents because the court's order interferes with their counsel's ability to consult with them regarding facts that are essential to their defense of this lawsuit, particularly since they are not competitors of plaintiffs. Defendants further argue that the alleged prejudice to a party's potential settlement position is not a sufficient justification for preventing an attorney from sharing important factual information with his/her clients. Plaintiffs assert that disclosing what they paid for the notes will hamper their ability to negotiate a fair debt restructuring with defendants, and that the potential harm to plaintiffs outweighs the interest of public disclosure.

While the term "good cause" is not defined, 22 NYCRR 216.1 (a) provides that the determination of "good cause" rests on a consideration of the interests of the public as well as the parties. This amounts to nothing more than a legislative recognition that a sealing order should clearly be predicated upon a sound basis or legitimate need to take judicial action (*see Danco Labs.*, 274 AD2d at 8). In *Matter of Twentieth Century Fox Film Corp. (supra)*, this Court observed that 22 NYCRR 216.1 (a) was enacted largely in response to a concern that, in cases in which the parties were in agreement to seal the records, courts were not paying sufficient attention to the public interest and were not exercising their discretion to override the parties' wishes (190 AD2d at 485-486). However, in this case, one of the parties

to the litigation objects to the sealing order sought by the other side.

Regardless of the fact that plaintiffs maintained that the price information constituted a trade secret, the motion court made no such finding. Rather, the court granted sealing because plaintiffs claimed that "disclosing what [they] paid for the notes will hamper their ability to negotiate a fair debt restructuring with defendants," and the "potential harm to the plaintiffs, if they must reveal their purchase prices, outweighs the interests of public disclosure." Sealing, however, is not appropriate merely to protect the advantage that one side might have over the other in negotiating an agreement in a commercial dispute between sophisticated business entities. Significantly, plaintiffs do not deny that defendants are not their competitors in business but, instead, propose that defendants are their adversaries in the context of resolving an acceptable restructuring of the notes.

Records and/or documents should not be sealed simply to enable one of the parties to retain an advantage over the other party when such sealing prevents counsel from fully discussing with their clients all of the relevant information in the case so as to properly formulate a defense to the action against them. Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.