Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 23, 2011, which, to the extent appealed from as limited by the briefs, granted the motion by plaintiff Jean Squeri and cross motions by third-party defendant Liftex Corporation and plaintiff Crave Foods Inc. to unseal settlement documents pertaining to Labor Law wrongful death claims in these consolidated actions, unanimously affirmed, without costs.
This litigation arises out of a tower crane collapse. Upon the settlement of a wrongful death action, the court issued an order dated January 6, 2011 by which it directed the sealing of the terms of that particular settlement “until all wrongful death actions arising from the same incident herein are resolved.” The court issued the unsealing order as set forth above although one wrongful death action remains pending. Citing Uniform Rules for Trial Courts (22 NYCRR) § 216.1 (a), the court found that *474 there had been no showing of good cause for the continued sealing of the settlement documents. We agree.
22 NYCRR 216.1 (a) provides that courts shall not seal court records except upon a written finding of good cause. The rule also requires courts to consider the interests of the public as well as the parties in determining whether good cause has been shown (id.). In this regard, “[t]he presumption of the benefit of public access to court proceedings takes precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public’s right to access, e.g., in the case of trade secrets” (Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010]).
In light of our holding in Applehead, the court properly exercised its discretion in rejecting defendants’ argument that the continued sealing of the court records in this case “prevents the risk of parties’ attempted use of prior settlement information as an artificial threshold in evaluating the value of their own cases.” On the contrary, plaintiffs made a better argument that the unsealing of the settlement documents was necessary to enable them to ascertain the amount of available insurance coverage and thus make informed decisions as to the relative benefits and drawbacks of settling their own claims. Records should not be sealed to enable one party to have an advantage over another “when such sealing prevents counsel from fully discussing with their clients all of the relevant information in the case” (Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 326 [1st Dept 2006]). Concur—Tom, J.E, Mazzarelli, Renwick and DeGrasse, JJ.