In the Matter of MARIA ROCIO AUQUI, Appellant, for the Appointment of a Guardian of JOSE VERDUGO, an Alleged Incapacitated Person. PEACHTREE FUNDING NORTHEAST, LLC, Respondent. (And a Third-Party Action.) [29 NYS3d 173]—

Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered May 31, 2013, which denied the petition to void certain agreements between the alleged incapacitated person and respondent, pursuant to Mental Hygiene Law § 81.29 (d), unanimously reversed, on the law, without costs, and the petition granted. The Clerk is directed to enter judgment accordingly.

Given the undisputed medical evidence that the alleged incapacitated person (AIP) had suffered from a mental defect as a result of his 2003 accident, when he was hit on the head by a piece of plywood falling from the 50th floor of a building, the burden of proof on the issue of his competence to enter into the challenged agreements shifted to respondent, as the advocate of competency (*see Matter of Kaminester v Foldes*, 51 AD3d 528 [1st Dept 2008], *lv dismissed in part, denied in part*

11 NY3d 781 [2008]). In light of the ambiguous nature of the testimony of Dr. Kuhn, respondent's sole witness on this issue, respondent failed to meet its burden of showing by clear and convincing evidence that the AIP was able to act in a reasonable manner in connection with the transaction (*see Ortelere v Teachers' Retirement Bd. of City of N.Y.*, 25 NY2d 196, 204 [1969], citing Restatement [Second] of Contracts; *Kaminester*, 51 AD3d at 529; *Morales v State of New York*, 183 Misc 2d 839, 848 [Ct Cl 2000], *affd* 282 AD2d 245 [1st Dept 2001]). That the court evaluator and an occupational therapist interviewed the AIP before and after the period when he executed the agreements does not render the evidence they gave irrelevant (*see Belda v Doerfler*, 2015 WL 5737320, *9, 2015 US Dist LEXIS 133483, *27 [SD NY, Sept. 30, 2015, No. 14-cv-941 (AJN)]). Their observations were probative of the AIP's mental condition between the times they observed him. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.