Matter of Verdugo v Schwartz Goldstone & Campisi, LLP (2020 NY Slip Op 03273)





Matter of Verdugo v Schwartz Goldstone & Campisi, LLP


2020 NY Slip Op 03273


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


500137/09 11629A 11629

[*1] In re Jose Verdugo, An Incapacitated Person 
Michael Flomenhaft, Esq., Nonparty Appellant,
v
Schwartz Goldstone & Campisi, LLP, Nonparty Respondent.


Rubin Law PLLC, New York (Denise A. Rubin of counsel), for
appellant.
Schwartz, Goldstone, Campisi & Kates, LLP, New York (Herbert Rodriguez, Jr. of counsel), for respondent.
Newman Ferrara LLP, New York (Ricardo M. Vera of counsel), for Roberto Lopez, guardian.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered January 7, 2019, which, inter alia, denied the motion of nonparty outgoing attorney Michael Flomenhaft, Esq. (Flomenhaft) for a protective order and granted the cross motion of nonparty successor counsel Schwartz Goldstone & Campisi, LLP (SGC) to the extent of compelling certain discovery, unanimously affirmed, with costs. Order, same court and Justice, also entered January 7, 2019, which, insofar as appealed from as limited by the briefs, denied the branches of Flomenhaft's motion to set a date for an attorney's fee hearing and limit the scope thereof, unanimously affirmed, with costs.
The record shows that Flomenhaft was retained as trial counsel in a personal injury action brought on behalf of the subject incapacitated person prior to a guardian having been appointed. SGC was later substituted as counsel in that action.
A hearing is necessary to determine whether cause existed to discharge Flomenhaft (see Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]; Matter of Mason v City of New York, 67 AD3d 475 [1st Dept 2009]), thus rendering his fee subject to forfeiture (see People v Keeffe, 50 NY2d 149, 156 [1980]; Doviak v Finkelstein & Partners, LLP, 90 AD3d 696, 699 [2d Dept 2011]).
Contrary to Flomenhaft's claim, the so-ordered fee stipulation did not preclude consideration of this issue. Although it is true that, in general, once an order has been entered recognizing a charging lien, it bars any challenge to the rendering of the underlying legal services (see Lusk v Weinstein, 85 AD3d 445 [1st Dept 2011], lv denied 17 NY3d 709 [2011]; Molinaro v Bedke, 281 AD2d 242 [1st Dept 2001]), the stipulated order at issue here also expressly provided that SGC did not waive "any claims or defenses w[ith] respect to fees or expenses" and that a hearing would be held "regarding all fee and expense issues."
Because the subject discovery is material and necessary to the question of Flomenhaft's [*2]entitlement to fees (see generally Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]), the motion court providently exercised its discretion in requiring Flomenhaft to provide it, or to provide an affidavit explaining why he cannot produce same.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK