Pieternelle v Smiley & Smiley, LLP (2020 NY Slip Op 05604)





Pieternelle v Smiley & Smiley, LLP


2020 NY Slip Op 05604


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 160295/15 Appeal No. 11975N Case No. 2019-2398 

[*1]Rocio Pieternelle, Property Guardian, Plaintiff-Respondent,
v
Smiley & Smiley, LLP, Defendant, Flomenhaft & Cannata, LLP, et al., Defendants-Appellants.


Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for appellants.
Newman Ferrara LLP, New York (Ricardo M. Vera of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered December 7, 2017, which denied the motion of defendants Flomenhaft & Cannata, LLP, Flomenhaft Law Firm, PLLC, and Michael Flomenhaft (collectively Flomenhaft) to vacate the stay of this action pending determination of Peachtree Lending Northeast, LLC's (Peachtree) third-party action in a related guardianship proceeding, unanimously reversed, on the law, without costs, and the stay vacated on the condition that Flomenhaft moves to consolidate this action with the guardianship and fee-allocation proceedings within 60 days of entry of this decision and order.
Defendants Smiley & Smiley, LLP (S & S) represented Jose Verdugo in a 2004 personal injury action and hired Flomenhaft as trial counsel in that action. While Flomenhaft was representing Verdugo in the personal injury action, Verdugo entered into various loan agreements with Peachtree and the loan proceeds were paid to Michael Flomenhaft on behalf of Verdugo (Peachtree loan). Verdugo was later determined to be incapacitated and was appointed guardians. The guardians retained new counsel for Verdugo in the personal injury action, which settled in 2015. Verdugo's incoming counsel and Flomenhaft signed a stipulation relating to fees and charging liens. S & S moved to allocate attorneys' fees and later settled its fees, but the issue of Flomenhaft's fees remains outstanding (Fee-Allocation Proceeding).
Within the context of the guardianship proceeding, Verdugo's guardians petitioned to set aside the loan agreements between Verdugo and Peachtree. Peachtree commenced a third-party action against Flomenhaft for unjust enrichment alleging that if Verdugo was not required to repay the money received by Flomenhaft from Peachtree, Flomenhaft should be required to repay those funds to Peachtree with interest (Peachtree Proceeding).After this Court granted the guardians' petition against Peachtree (Matter of Auqui [Verdugo], 139 AD3d 411 [1st Dept 2016]), the guardians settled with Peachtree by paying Peachtree $55,000. Flomenhaft acknowledges that they kept a portion of the Peachtree loans, allegedly to cover their attorneys' fees. Peachtree's claims against Flomenhaft have not been determined.
Plaintiff, Verdugo's former guardian, commenced this action against Flomenhaft for breach of fiduciary duty and related causes of action, alleging that Flomenhaft improperly procured the Peachtree loans because they knew or should have known that Verdugo did not understand the agreements, as Verdugo had a limited command of English and his mental capacity was in question (Malpractice Action). Supreme Court stayed this action and the Fee-Allocation Proceeding sua sponte under CPLR 2201 pending determination of the Peachtree Proceeding. Although the stay in the Fee-Allocation Proceeding was later vacated, as noted above, that proceeding is still not resolved.
This action and the two proceedings referred to herein all have issues that are inextricably intertwined that relate to the Peachtree loan (see Belopolsky v Renew Data Corp., 41 AD3d 322 [1st Dept 2007]). These overlapping issues are, inter alia, whether Flomenhaft acted properly when they allowed or induced Verdugo, who was allegedly incapacitated or unable to understand the agreements, to enter into the Peachtree loan agreements, and whether the fee stipulation precludes plaintiff's claims of misconduct (Matter of Verdugo, 184 AD3d 441 [1st Dept 2020]). We decline to consider the parties' arguments regarding Flomenhaft's motion to amend the answer and for summary judgment as Supreme Court has not considered that motion the in first instance.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020