Jose V. v Smiley & Smiley LLP (2023 NY Slip Op 01367)

Jose V. v Smiley & Smiley LLP

2023 NY Slip Op 01367

Decided on March 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 16, 2023

Before: Friedman, J.P., González, Shulman, Pitt-Burke, JJ. 

Index No. 500137/09 Appeal No. 17529-17530 Case No. 2022-04160 2022-03473 

[*1]In the Matter of Jose V., an Incapacitated Person, Rocio Pieternelle, Property Guardian, Plaintiff-Respondent,
v
Smiley & Smiley LLP, Defendant, Flomenhaft & Cannata, LLP, et al., Defendants-Appellants. Fatima . et al., Non-Party Respondents. 

The Flomenhaft Law Firm, PLLC, New York (David C. Zegarelli of counsel), and Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.
Meenan & Associates, LLC, New York (Lissett C. Ferreira of counsel), for Jose V., respondent.
Schwartz Goldstone Campisi & Kates, LLP, New York (Herbert Rodriguez Jr. of counsel), for Schwartz Goldstone Campisi & Kates, LLP, respondent.

Order, Supreme Court, New York County (Carol Sharpe, J.), entered on or about August 4, 2022, which, in these consolidated proceedings, denied defendants Flomenhaft & Cannata, LLP, Flomenhaft Law Firm, PLLC, and Michael Flomenhaft's (collectively, Flomenhaft defendants) motion to vacate an order, dated October 1, 2015, sealing the court record in the guardianship proceeding, unanimously reversed, on the law and the facts, without costs, and the motion granted. Order, same court and Justice, entered on or about August 8, 2022, which denied the Flomenhaft defendants' motion for the court's recusal, unanimously affirmed, without costs, and the matters remanded for further proceedings before a different Justice.
The Flomenhaft defendants seek to vacate a 2015 order sealing the records in the guardianship proceeding after consolidation of that proceeding with various pending related matters, including a legal malpractice action brought by the guardian against the Flomenhaft defendants arising from their representation of the subject incapacitated person in a personal injury action, as directed by this Court (see Pieternelle v Smiley & Smiley, LLP, 187 AD3d 487 [1st Dept 2020]).
As an initial matter, the court erred in concluding that the law of the case doctrine barred it from vacating the sealing order. The doctrine does not apply under the circumstances here, where the sealing order was based on a discretionary ruling (see Allstate Ins. Co. v Buziashvili, 71 AD3d 571, 572 [1st Dept 2010]), and the Flomenhaft defendants were not parties to the guardianship proceeding at the time the order was issued (see Aspen Specialty Ins. Co. v RLI Ins. Co., Inc., 194 AD3d 206, 212 [1st Dept 2021]).
On the merits, the order should have been vacated, as it failed to set forth "good cause" for sealing the records in the guardianship proceeding (Mental Hygiene Law § 81.14[b]; Uniform Rules for Trial Cts [22 NYCRR] § 216.1[a]; see Mosallem v Berenson, 76 AD3d 345, 349 [1st Dept 2010]). The reasons cited in the order, the "size of the settlement and other ongoing litigation," were not sufficiently compelling to overcome the public's right to access the records (see Matter of East 51st St. Crane Collapse Litig., 106 AD3d 473, 474 [1st Dept 2013]; Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 326 [1st Dept 2006]). In the absence of compelling circumstances, the Flomenhart defendants should not have been precluded access to the records, especially since the guardian had placed the incapacitated individual's mental condition at issue in the legal malpractice action against them (see Del Grosso v Jimmy Jazz Staten Is., LLC, 190 AD3d 409, 410 [1st Dept 2021]). Any concerns about the confidentiality of certain records could be adequately remedied through redaction (see Matter of Gliklad v Deripaska, 185 AD3d 512, 514 [1st Dept 2020]).
The court providently exercised its discretion in denying the Flomenhaft defendants' motion for recusal. To be sure, because [*2]the consolidation of the various proceedings, as directed by this Court (Pieternelle, 187 AD3d 487), resulted in them merging into a single action (see Kelley v Galina-Bouquet, Inc., 155 AD2d 96, 101-102 [1st Dept 1990]; Padilla v Greyhound Lines, 29 AD2d 495, 497 [1st Dept 1968]), the Flomenhart defendants were entitled to participate in the guardianship proceeding. Thus, by excluding them from discussions in that proceeding, the court engaged in ex parte communications. However, those communications regarding fee approvals and other guardianship matters do not require the court to recuse itself as a matter of law (see Gabay v Bender, 34 AD3d 207, 207 [1st Dept 2006]).
We have considered the Flomenhart defendants' remaining contentions and find them unavailing. Under the circumstances, however, we deem it appropriate to direct that, upon remand, the matters be reassigned to another Justice (see Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V., 40 AD3d 415, 417 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2023