Bankers Conseco Life Ins. Co. v KPMG LLP (2023 NY Slip Op
50223(U))

[*1]

Bankers Conseco Life Ins. Co. v KPMG LLP

2023 NY Slip Op 50223(U) [78 Misc 3d 1214(A)]

Decided on March 17, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2023
Supreme Court, New York County

Bankers
Conseco Life Insurance Company, WASHINGTON NATIONAL INSURANCE
COMPANY, Plaintiff,

against
KPMG LLP, Defendant.

Index No. 653765/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion
009) 203, 204, 205, 206, 215 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion
010) 209, 210, 211, 213, 214, 218 were read on this motion to/for SEAL.
Motion sequences 009 and 010 are consolidated herein for disposition.
In this commercial action, Bankers Conseco Insurance Company, and Washington
National Insurance Company (plaintiffs), move by order to show cause (motion seq. no.
009) for an order pursuant to section 216.1 of the Uniform Civil Rules, to seal exhibits
1-4 (NYSCEF doc. nos. 191-194) of the Affirmation of Joseph L. Buckley, filed in
opposition to defendant KPMG LLP's motion to compel discovery (motion seq. no.
008).
In motion sequence number 010, plaintiffs move again by order to show cause for an
order pursuant to section 216.1 of the Uniform Civil Rules, to seal exhibit 1 of
defendant's reply memorandum filed in support of its motion to compel discovery
(motion seq. no. 008).
 Discussion
Under New York law, there is a
presumption that the public is entitled to access to judicial proceedings and court records
(Mancheski v Gabelli Group
Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to
access, however, is not absolute, and a court is empowered to seal or redact court records
pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of
"good cause" (Danco Labs v Chemical Works of Gedeon [*2]Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal
documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not
enter an order in any action or proceeding sealing the court records, whether in whole or
in part, except upon a written finding of good cause, which shall specify the grounds
thereof. In determining whether good cause has been shown, the court shall consider the
interests of the public as well as the parties. Where it appears necessary or desirable, the
court may prescribe appropriate notice and an opportunity to be
heard."
Thus, sealing has been found to be appropriate to preserve the
confidentiality of materials which involve internal finances of a party which are of
minimal public interest (see
D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip
Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit
records to be sealed when trade secrets are involved or when disclosure of information
contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76
AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the
absence of "any legitimate public concern, as opposed to mere curiosity, to
counterbalance the interest of [a business's] partners and clients in keeping their financial
arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st
Dept 1992] [internal quotation marks and citation omitted]).
Motion Sequence No. 009
On July 16,
2019, the Honorable O. Peter Sherwood, J.S.C. entered a Stipulation and Order for the
Production and Exchange of Confidential Information (NYSCEF doc. no. 25).
On August 23, 2021, defendant filed a motion to compel (motion seq. no. 008). In its
motion, defendant requests production of documents withheld by plaintiff based on an
Indiana evidentiary privilege known as the "professional services" privilege.
On September 1, 2021, restricted copies of plaintiffs' affirmation in opposition were
filed on the New York State court electric filing system. The affirmation attached
exhibits designated as "confidential" by plaintiffs pursuant to Justice Sherwood's
confidentiality order. The exhibits consisted of plaintiffs' privilege log (Exhibit 1,
NYSCEF doc. no. 191), supplemental privilege log (Exhibit 4, NYSCEF doc. no. 194),
redaction log (Exhibit 2, NYSCEF doc. no. 192) and emails (Exhibit 3, NYSCEF doc.
no. 193). The emails attached to plaintiffs' affirmation as Exhibit 3 contain: (1) a
confidential URL that connects to a private sharing site that provides access to plaintiffs'
document production; and (2) a password to open and extract plaintiffs' document
production files.
Plaintiffs now request that this court enter an order permanently sealing the exhibits
1-4 annexed to plaintiffs' affirmation. Plaintiffs argue that the documents contain
confidential information that could harm plaintiffs should it be disclosed to the public.
Plaintiffs maintain that the documents contain sensitive information including
attorney-client privileged communications, and documents referencing privileged
communications with Indiana insurance regulators protected by Indiana Code §
27-1-3.1-15(a).
With respect to exhibit 3, plaintiffs submit that access to the document production
URL code and password should be restricted to prohibit public access to plaintiffs'
private proprietary [*3]information. Regarding Exhibits
1, 2 and 4, plaintiffs admit that privileged logs and redaction logs are not normally in and
of themselves privileged, but argue that the documents in this instance should be sealed
because they reveal detailed information prohibited from disclosure by the work product
doctrine, trial preparation protection privilege, attorney-client privilege and Indiana's
insurance examination and professional services privilege. Full copies of Exhibits 1, 2
and 4 were provided to this court in-camera. A redacted version of Exhibit 3 was filed on
the New York State Court electronic filing system.
The proposed redacted text in exhibit 3 contains (1) the confidential URL a to a
private file-sharing site where one can access plaintiffs' document production; and (2) a
password to open and extract the files containing plaintiffs' document production. Should
this information be unsealed, any member of the public could access plaintiffs' August
19, 2021 document production. The interest in public access to court records would not
be served by unsealing this email, because the email would reveal no substantive
information about this litigation but would rather allow the public to access information
not filed with the Court (i.e., the entire document production).
However, plaintiffs did not demonstrate good cause for sealing with respect to
exhibits 2, 3 and 4. First, plaintiffs claim that their logs contain sensitive information
describing, among other things, the attorney-client privileged communications regarding
its reinsurance with Beechwood. Plaintiffs, however, have not pointed to anything
specific—whether specific log entries or otherwise—that exposes plaintiffs
to harm, much less articulated a reason why each entry in its entirety exposes plaintiffs to
harm. That alone is fatal under the standards of this court (Gryphon Dom. VI, LLC v. APP
Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dep't 2006] ["Since the right [of
public access] is of constitutional dimension, any order denying access must be narrowly
tailored to serve compelling objectives, such as a need for secrecy that outweighs the
public's right to access") [reversing impoundment]). Accordingly, plaintiffs' motion
sequence 009 is granted in part, only insofar that it seeks to seal exhibit 3.
Motion Seq. No. 010
In furtherance of
defendant's motion to compel (motion seq. no. 008), on September 7, 2021, defendant
filed a redacted reply memorandum. Attached to the reply was a full copy of a document
inadvertently disclosed by plaintiffs (NYSCEF doc. no. 202). The document is a draft
2013 audit plan prepared by PricewaterhouseCoopers LLP, for CNO Financial Group,
Inc., the parent company of each plaintiff. The audit plan includes competitively sensitive
financial information generated by third-party auditors. A complete document was
withheld from public filing and served upon this court in-camera.
Plaintiffs request that this document be sealed and shielded from public disclosure.
Plaintiffs assert that the plan is privileged and confidential pursuant to Indiana Code
§25-2.1-14.2. Indiana Code Section 25-2.1- 14-2 provides that information derived
from or as a result of [professional] services is "confidential and privileged." The plan
purportedly reveals the plans for auditing CNO and the results of prior audits of CNO's
business. Second, although produced in error, plaintiffs aver that the document falls
within the scope of Justice Sherwood's confidentiality order. The plan was designated
confidential by plaintiffs and defendants have consented to the confidentiality
designation (NYSCEF doc. no. 210, para 21). Finally, should the audit plan be released
to the public, without sealing, plaintiffs submit that it would harm the [*4]plaintiffs as the document contains competitively sensitive
financial information. Plaintiffs argue that there is no legitimate public concern or
interest in the disclosure of the draft audit plan.
CNO is not a party to this action. Absent order from this court, sensitive financial
information that implicates CNO's interests would remain unrestricted on the docket. The
financial audit of CNO, falls within the perimeters of information deemed confidential by
the Mosallem court (76 AD3d at 348-350), and absent a compelling interest
furthered by public access to the document, this court will not require that CNO's private
financial information be made public (see id.; Mancheski v Gabelli
Group Capital Partners, 39 AD3d at 502 ["disclosure could impinge on the privacy
rights of third parties who clearly are not litigants herein"]).
Accordingly, it is hereby
ORDERED that motion sequence number 009 is granted in part; and it
further
ORDERED that the New York County Clerk, upon service to him of this
order by movant, shall seal NYSCEF doc. no. 193; and it is further
ORDERED that the New York County Clerk shall restrict access to the
sealed document with access to be granted only to authorized court personnel and
designees, the parties and counsel of record in the above-captioned action, and any
representative of a party or of counsel of record upon presentation to the County Clerk of
written authorization from counsel; and it is further
ORDERED that motion sequence number 010 is granted. As a complete
version of NYSCEF doc. no. 202 was withheld from public filing, plaintiffs do not need
to file a duplicate redacted version; and it is further
ORDERED that the New York County Clerk, upon service to him or her of
this order by movant, shall seal NYSCEF doc. no. 202; and it is further
ORDERED that the New York County Clerk shall restrict access to the
sealed documents with access to be granted only to authorized court personnel and
designees, the parties and counsel of record in the above-captioned action, and any
representative of a party or of counsel of record upon presentation to the County Clerk of
written authorization from counsel; and it is further
ORDERED that this order does not authorize sealing or redacting for
purposes of trial.
DATE March 17, 2023
ROBERT R. REED, J.S.C.