Lacewell v Rocky Mtn. Intl. Ins. Ltd. (2023 NY Slip Op 50820(U))

[*1]

Lacewell v Rocky Mtn. Intl. Ins. Ltd.

2023 NY Slip Op 50820(U)

Decided on August 4, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2023
Supreme Court, New York County

Linda A. Lacewell, Superintendent of Financial Services of the State of New York, in Her Capacity as Liquidator of Ideal Mutual Insurance Company, Plaintiff,

against
Rocky Mountain International Insurance Ltd., United Insurance Company, Defendant.

Index No. 655328/2019 

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 102, 103, 104, 105, 106, 107, 108 were read on this motion for LEAVE TO FILE.
The following e-filed documents, listed by NYSCEF document number (Motion 005) 143, 144, 145, 146, 147, 148, 149, 150, 151, 152 were read on this motion to SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 007) 173, 174, 175, 176, 177, 178, 179, 180, 181 were read on this motion to SEAL.
In this breach of contract matter, defendants, Rocky Mountain International Insurance Ltd. and United Insurance Company move for orders to seal portions of motion papers and exhibits bearing NY State Courts Electronic Filing (NYSCEF) doc. nos. 127, 132-136, 167 and 170 (motion sequence 005 and 007). Defendant Rocky Mountain International Insurance Ltd. ("Rocky Mountain") also moves for leave to amend its answer (motion sequence 003).
Background
The following facts are gleaned from the submissions of the parties. Ideal Mutual Insurance Company ("Ideal") was a property and casualty insurer that issued primary and excess liability insurance policies to companies, including Johns-Manville Corporation ("Johns-Manville"). Johns-Manville was a manufacturer of asbestos-containing products, including asbestos roofing material and insulation. Due to numerous asbestos liability claims, Johns-Manville filed for bankruptcy protection on August 26, 1982 under Chapter 11 of the U.S. Bankruptcy Code. Ideal reinsured a portion of the risk it assumed under the Johns-Manville policies pursuant to certain Reinsurance Agreements issued by defendants. On February 7, 1985, pursuant to an Order of the New York State Supreme Court, Ideal was placed into liquidation and the Superintendent of Insurance of the State of New York and his successors in office were appointed as Liquidator of Ideal. This lawsuit seeks recovery of at least $8,479,094.81, plus interest, in reinsurance proceeds that are allegedly owed to Ideal pursuant to [*2]the Reinsurance Agreements issued by defendants to Ideal, for certain underlying claims against Ideal's insured, Johns-Manville.
Ideal incurred pre- and post-liquidation obligations on claims asserted by Johns-Manville's successor in interest, the Johns-Manville Personal Injury Trust, under commercial general liability policies that Ideal issued to Johns-Manville Corporation. The claims alleged, among other things, asbestos bodily injury and asbestos property damage.

Motion to Amend
Defendant Rocky Mountain moves for leave to amend its answer to include a tenth affirmative defense pursuant to CPLR 3025 (b), barring plaintiff's claims due to an alleged prior injunction. The motion is unopposed.
It is well settled law that motions for leave to amend the pleadings are to be freely granted, as long as there is no prejudice or surprise to the adversary (see CPLR § 3025 [b]). Pursuant to CPLR 3025 (b), "[a] party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (see also RBP of 400 W. 42 St., Inc. v 400 West 42nd St. Realty Assoc., 27 AD3d 250, 250 [1st Dept 2006]).
A motion for leave to amend is committed to the sound discretion of the trial court (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., LLC, 4 AD3d 290 [1st Dept 2004]). "In exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom" (Branch v Abraham & Strauss Dept. Store, 220 AD2d 474, 475 [2d Dept 1995]).
The amendment sought here is not palpably insufficient nor clearly devoid of merit, and the other parties would not be prejudiced. Here, prior to any discovery being conducted, and without opposition from plaintiff, the court finds that it is appropriate to grant defendant Rocky Mountain's motion for leave to amend its pleading.

 Motions to Seal
Defendants move for an order sealing and/or redacting exhibits and portions of motion papers it filed because they claim the documents contain attorney-client privileged information, communications, and attorney work product that should not be available to the general public.
Pursuant to § 216.1[a] of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1[a]).
The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (Mosallem v Berenson, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be narrowly tailored to serve compelling objectives," such as when the need for secrecy outweighs the public's right to access, i.e., in the case of trade secrets (Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6 [1st Dept 2000]; see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (Maxim, Inc. v Feifer, 145 AD3d 516, 517 [*3][1st Dept 2016] [citations omitted]).
The proposed sealing and redactions pertain to defendants' opposition to plaintiff's motion for protective order to compel clawback (motion seq 004), as well as portions of defendants' motion to disqualify plaintiff's counsel (motion seq 006) and several of the corresponding exhibits to the papers. Having conducted a review of the redactions proposed, as well as the privilege log submitted by defendants, it appears that defendants purport to (1) withhold the settlement amount that plaintiff, as Liquidator and fiduciary for Ideal, had elected to settle for, and (2) redact correspondence between plaintiff's counsel to plaintiff and to a referee involved in the settlement.
Here, as to the settlement amount, "while there is a strong public interest in encouraging settlement of private disputes, conclusory claims of the need for confidentiality of settlement agreements are insufficient to seal a record" (Matter of Hofmann, 284 AD2d 92, 94 [1st Dept 2001]). Defendants have failed to demonstrate good cause as to why the settlement amount is so confidential or sensitive that public access to it should be restricted (see Mosallem v Berenson, 76 AD3d at 349). Moreover, the settlement amount is a matter of legitimate public concern, owing to the asbestos related claims the settlement would resolve. Accordingly, as to the redaction of the settlement amount, defendants have failed to make a showing of a substantial privacy right that outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings (see "J. Doe No. 1" v CBS Broadcasting Inc., 24 AD3d 215, 215 [1st Dept 2005]).
Turning to the communications between plaintiff and their counsel, as well as correspondence to the referee in the underlying settlement, the court has reviewed the proposed redactions and find that they warrant sealing because they contain references to litigation strategy, motion practice and internal communications between a client and counsel (cf Matter of Brownstone, 191 AD2d 167, 168 [1st Dept 1993] [reference to attorney work-product alone is insufficient to justify sealing the record, without further finding that documents contained material prepared in anticipation of litigation]; see Mono Enterprises, Inc. v Metropolitan Life Ins. Co., 2019 NY Slip Op 30357[U], at *2 [Sup Ct, NY County 2019] [good cause exists to seal redactions of attorney work product and communications protected by the attorney client privilege). Moreover, the redactions meet the criterion of being narrowly tailored (Danco Labs., 274 AD2d at 6).

CONCLUSION
Based upon the foregoing, it is
ORDERED that defendant Rocky Mountain International Insurance Ltd.'s motion for leave to amend its answer (motion seq. no. 003) is granted; and it is further
ORDERED that defendants Rocky Mountain International Insurance Ltd. and United Insurance Company's motions to seal (motion seq. nos. 005 and 007) are granted to the extent that unredacted NYSCEF Docket Entries 127, 132-136, 167 and 170 are sealed to the public except for the parties, the attorneys of record, and court personnel; and it is further
ORDERED that defendants Rocky Mountain International Insurance Ltd. and United Insurance Company shall file redacted NYSCEF Docket Entries 127, 132-136, 167 and 170 with the settlement amount unredacted and publicly accessible; and all remaining grounds of said motions are otherwise denied.
Dated: August 4, 2023
Robert R. Reed, J.S.C.