L.S. v Gameng (2025 NY Slip Op 50968(U))

[*1]

L.S. v Gameng

2025 NY Slip Op 50968(U)

Decided on June 13, 2025

Supreme Court, Suffolk County

Whelan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2025
Supreme Court, Suffolk County

L.S., An Infant, by her Mother and Natural Guardian, Amy Barber, Plaintiff,

against
Mary Ann Flynn Gameng, M.D., Boston Children's Health Physicians, LLP and Branch Pediatrics and Adolescent Medicine, P.C., Defendants.

Index No. 605612/2019

Plaintiffs' Attorneys: Dalli & Marino. Esq.
Defendants' Attorneys: Wagner, Doman, Leto & Di Leo, P.C.

Thomas F. Whelan, J.

ORDERED that the application for a sealing order is denied.
Defendant seeks to seal the infant compromise order that resolves this action. The only offered grounds for a sealing order are that the parties have entered into a confidentiality agreement as to the settlement and plaintiff does not oppose the issuance of such an order.
A party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access (Mosallem v. Berenson, 76 AD3d 345 [1st Dept 2010]). Neither the potential for embarrassment or damage to reputation, nor the general desire for privacy, constitutes good cause to seal court records (id. and NY Ct. Rules § 216.1[a]). "A court shall not enter an order sealing the court records, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe the appropriate notice and an opportunity to be heard" NY Ct. Rules 216.1[a]).
Despite the parties' confidentiality agreement, there must be a showing of good cause required by the above section (see Matter of Hofmann, 284 AD2d 92, 93-94 [1st Dept 2001] ["Confidentiality is clearly the exception, not the rule"]). Here, defendant has failed to make the requisite showing.
"The right of access to ... court records is also firmly grounded in common-law principles" (Gryphon Dam. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dept 2006]), as is the right to inspect and copy judicial records.
On these facts, this Court cannot issue a written finding of good cause for sealing order as requested, the application for a sealing order is denied.
Dated: June 13, 2025
Thomas F. Whelan, J.S.C.