New York State Police v S.C. (2025 NY Slip Op 25169)

[*1]

New York State Police v S.C.

2025 NY Slip Op 25169

Decided on July 25, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 25, 2025
Supreme Court, Westchester County

New York State Police, Petitioner,

against
S.C., Respondent.

Index No. 61452-2025

Attorney for Petitioner:
State of New York Office of the Attorney General
By: Kathleen Kelly, Esq., Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, New York 10601 (914) 461-9579 
Attorney for Respondent:
The Legal Aid Society of Westchester County
By: Bryce Alvord, Esq.
150 Grand Street
White Plains, NY 10601
(914) 286-3400

William J. Giacomo, J.

Respondent moves by letter application to seal the records of the Extreme Risk Protection Order (ERPO) proceeding conducted by this Court prior to the expiration of the Order, or, in the alternative, seeks a protective order with respect to certain documents.
Papers Considered NYSCEF DOC NO. 29-35
1. Letter from Respondent/ Two Proposed Orders
2. Petitioner's Response
FACTUAL AND PROCEDURAL BACKGROUND
The Court assumes familiarity with the record. After a hearing held on July 10, 2025, this Court found that petitioner had proven by clear and convincing evidence that the respondent [*2]is likely to engage in conduct that would result in serious harm to self or others as defined in Mental Hygiene Law § 9.39(a) and granted the petitioner's application for an ERPO pursuant to CPLR 63-A. On the record, counsel for respondent requested the Court seal the ERPO file or issue a protective order for certain documents. The Court advised respondent to proceed by letter motion and include arguments in support of his requested relief.
In his letter application, respondent argues that there is good cause to seal the entire record due to the prejudice against him if the record were to remain accessible to the public. He claims that the public interest is already protected by having the ERPO in place and there is no need for the records to be accessible to the public. Further, according to respondent, allowing the prosecution access to these records in any upcoming related and unrelated criminal charges would compromise his ability to present a defense. 
Alternatively, respondent requests the Court issue a protective order for the TERPO application, the transcript and evidence at the ERPO hearing and the Court's ultimate decision. Respondent argues that the prosecution in any ongoing or subsequent criminal proceeding should be denied access to these records absent leave of Court. Similar to above, respondent claims that he would be unfairly prejudiced in criminal proceedings if these documents were publicly available to the prosecution. 
In opposition, petitioner argues that premature sealing of the record is against the intent of the Legislature. Further, respondent has allegedly failed to establish good cause shown for sealing the records. According to petitioner, respondent has also failed to establish the need for a protective order, as mere concern about the use of information in a related criminal case is insufficient to establish good cause. 

 DISCUSSION
Request to Seal the Records
Uniform Rules for Trial Courts 22 NYCRR § 216.1 (a) provides, in relevant part: "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. . . ." 
It is well settled there is a "broad constitutional presumption, arising from the First and Sixth Amendments, as applied to the States by the Fourteenth Amendment, that the public is entitled to access to court proceedings." Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 (1st Dept 2006). In general, courts have "been reluctant to allow the sealing of court records, even where both sides to the litigation have asked for such sealing." Id. (citations omitted). As "confidentiality is the exception, the court must make an independent determination of whether to seal court records in whole or in part for good cause. . . The party seeking to seal documents must demonstrate compelling circumstances." Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2d Dept 2007) (internal quotation marks and citations omitted).
Pursuant to CPLR 6346 (1), "[a] protection order issued pursuant to this article, and all records of any proceedings conducted pursuant to this article, shall be sealed upon expiration of such order . . . ." Respondent is requesting the entire ERPO record sealed prior to the expiration of the order. However, CPLR 6346 specifically addresses the sealing of ERPO records and mandates that the record be sealed at the expiration of the order. Thus, any sealing prior to this expiration is against the intent of the statute. Further, as established by case law, sealing of court [*3]records is an exception to the rule. Here, respondent has not met his burden to demonstrate compelling circumstances for why the records should be sealed. 
Protective Order
"CPLR 3103 (a) provides, in pertinent part, that a court may enter a protective order 'to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.' The party seeking a protective order bears the burden of showing that such relief is warranted." Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d 792, 793 (2d Dept 2020).
Respondent requests the Court enter a protective order limiting access to certain documents in his ERPO file. He argues that, at a later date, allowing the prosecutors access to these records during any criminal proceedings would unfairly prejudice him. Here, however, respondent did not meet his burden of showing that this relief is warranted. At the outset, the ERPO statute itself provides that "[n]otwithstanding any contrary claim based on common law or a provision of any other law, no finding or determination made pursuant to this article shall be interpreted as binding, or having collateral estoppel or similar effect, in any other action or proceeding, or with respect to any other determination or finding, in any court, forum or administrative proceeding." CPLR 6347. Thus, the language of the ERPO statute already provides that the ERPO determination, which is civil, should not have a collateral estoppel effect on any upcoming criminal trial.
Furthermore, the Court will not preemptively issue a protective order for matters which have not yet taken place. Pursuant to the ERPO statute, even after the expiration of the ERPO, records are available to certain police forces and departments, among other entities. If and when it is applicable, the Criminal Court will make a determination as to what is admissible. Accordingly, as there is no basis for a protective order at this time, respondent's request is denied.
All other arguments raised on this motion and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.

CONCLUSION
Accordingly, it is hereby
ORDERED that respondent's motion, made by letter application, is denied in its entirety.
Dated: July 25, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.