Marinac v Marinac
2026 NY Slip Op 03882
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Maryanne Marinac, Plaintiff-Appellant,
v
Tiho Marinac, Defendant, Alexandria Lipton, Nonparty-Respondent.

Decided and Entered: June 18, 2026
Index No. 365207/22|Appeal No. 6936|Case No. 2026-00736|
Before: Kennedy, J.P., Friedman, Gesmer, Michael, Chan, JJ.

Maryanne Marinac appellant pro se.

[*1]
Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered February 9, 2026, which denied plaintiff's motion to recall an order of reference issued on April 29, 2025, directing that Alexandria Lipton's application for a charging lien, together with those branches of plaintiff's cross-motion relating to the amount of fees owed, continue to be heard before the Office of the Special Referee, and denying the remaining branches of plaintiff's cross-motion seeking an award of $7,900, with interest, based on Lipton's failure to freeze defendant husband Tiho Marinac's accounts as directed, reimbursement, with interest, for counsel fees incurred in retaining subsequent matrimonial counsel, reimbursement of the $92.70 filing fees and costs associated with Lipton's current motion, referral of Lipton to the attorney grievance committee for disciplinary action, and disclosure of Lipton's malpractice insurance carrier information, unanimously affirmed, without costs.
The April 29, 2025 order of reference constituted a provident exercise of the court's discretion (CPLR 4212; see Belle v Chromalloy Am. Corp., 51 AD2d 933, 933 [1st Dept 1976]). This case involves the existence of sharply disputed factual and credibility issues warranting referral to the Special Referee (see Bernstein v Freudman, 180 AD2d 420, 421 [1st Dept 1992]). The underlying dispute did not involve a straightforward fee application, but rather extensive allegations concerning the issue of whether Lipton was discharged for cause. In opposition to the charging lien motion, plaintiff alleged that Lipton was incompetent and disorganized during the representation, failed to complete basic legal tasks, and engaged in deceptive and excessive billing practices. These allegations directly implicated whether counsel had been discharged for cause, an issue that is inherently fact-intensive and dependent upon credibility determinations, necessitating a hearing (see Teichner v W&J Holsteins, 64 NY2d 977, 979 [1985]; see also Matter of Verdugo, 184 AD3d 441, 441-442 [1st Dept 2020]).
We reject plaintiff's argument that specific statutory provisions and regulations prohibited the court from referring the matter to a Special Referee.
The court also providently denied plaintiff's remaining cross-claims seeking damages arising from alleged attorney misconduct because such claims must be pursued in a separate plenary action and may not be bootstrapped into the underlying matrimonial proceeding.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026