■ PAMELA A. LIAPAKIS, Respondent, v ROBERT G. SULLIVAN et al., Appellants. [736 NYS2d 675] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 17, 2000, which, in an action by a law firm partner against other partners for defamation and for breach of an agreement providing for plaintiff's resignation from the firm and for the exchange of general releases, insofar as appealed from as limited by the briefs, denied defendants' motions to change venue to Nassau County, seal the court file and sanction plaintiff and her attorney for frivolous conduct, unanimously affirmed, without costs.

Defendants' motions to change venue to Nassau County were properly denied. The "Resignation Agreement" on which they rely was apparently intended to settle, with certain exceptions not here relevant, Nassau County actions that the parties brought against each other and which have never been formally discontinued. Paragraph 6.9 thereof provides for "this court's" retention of "continuing jurisdiction," apparently referring to the Nassau County Supreme Court since that is the only court

where actions between the parties were then pending, not over the Resignation Agreement itself but over a contemplated "separate agreement" that was to be "incorporated herein by reference" but was never executed. This language, which was handwritten, replaced stricken typewritten language that explicitly gave the Nassau County Supreme Court "jurisdiction" to decide any disputes that might arise under the Resignation Agreement and directed the referral of any such disputes to a particular justice of that court "to the extent practical." Even if paragraph 6.9, in its handwritten form, were applicable to the Resignation Agreement, as opposed to a contemplated separate agreement, it would constitute nothing more than a permissive "Service of Suit Clause" consenting to jurisdiction, not a mandatory forum selection clause (*see generally, Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534; *see also, Teitelbaum Holdings v Gold*, 48 NY2d 51, 55; *Pfeifer v Liss*, 275 AD2d 254).

The other aspects of defendants' motions were also properly denied. Defendants fail to show that the prejudice to their reputations caused by plaintiff's allegations of unethical and criminal conduct outweighs the clear public interest in such allegations, and there appears to be no other claim that any other good cause exists for sealing the record (22 NYCRR 216.1 [a]; *see, Danco Labs. v Chemical Works of Gedeon Richter*, 274 AD2d 1, 7-8). Although sanctions could be awarded should it be shown that plaintiff's allegations of unethical and criminal conduct are materially false or were made merely to harass or injure defendants or gain some leverage in the instant litigation (22 NYCRR 130-1.1 [c] [2], [3]), the record, at this early stage of the action, does not permit such findings. Concur—Tom, J.P., Sullivan, Rosenberger and Buckley, JJ.