■ SYLFORD G. DAVIS, Plaintiff, v NYACK HOSPITAL et al., Defendants. DARREN EPSTEIN et al., Nonparty Appellants, v FELLOWS HYMOWITZ, P.C., Nonparty Respondent. [13 NYS3d 371]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about May 9, 2014, which, to the extent appealed from as limited by the briefs, denied nonparties Darren Jay Epstein and Darren Jay Epstein, Esq., P.C.'s cross motion to enforce a confidentiality agreement and to seal motion papers, unanimously affirmed, with costs.

Darren Epstein was a partner/shareholder of Fellows, Hymowitz, & Epstein, P.C. until September 2012 when he left and established his own firm, Darren Jay Epstein, Esq., P.C. (DJE). After Epstein's departure, his former firm changed its name to Fellows Hymowitz, P.C. (FH). In June 2013, Epstein, DJE, FH, and others entered into a stipulation globally settling their disputes before a special referee, and the terms of the settlement, including confidentiality and nondisparagement provisions, were read into the record and transcribed. The parties, through counsel, subsequently agreed that the Special Referee could so-order and file the transcript of the global settlement with the Clerk's office.

Thereafter, FH moved to enforce certain terms of the global settlement, which it annexed to motion papers. Epstein opposed and cross-moved for, among other things, an order requiring FH to comply with the confidentiality and nondisparagement provisions of the settlement and damages for FH's alleged breach of those provisions by sending two letters. The first letter sought documents from a third party "[i]n advance of the institution of proceedings" against that party, and the second sought, through counsel, to compel Epstein to make a payment required by the settlement.

Supreme Court correctly found that neither letter breached the settlement's confidentiality and nondisparagement provisions. The first letter does not disparage Epstein, nor does it mention the settlement or any of its terms. Although the second letter mentions the settlement, pursuant to the settlement, FH

was permitted to disclose its terms in order to enforce it. Moreover, about two months before FH sent the second letter, Epstein waived the confidentiality provision by agreeing to the filing of the transcript setting forth the terms of the settlement (*see Gresser v Princi*, 128 AD2d 752, 752-753 [2d Dept 1987], *lv dismissed* 70 NY2d 693 [1987]).

Epstein failed to set forth a compelling reason to seal FH's motion (*see* 22 NYCRR 216.1; *Mosallem v Berenson*, 76 AD3d 345, 349 [1st Dept 2010]; *Liapakis v Sullivan*, 290 AD2d 393, 394 [1st Dept 2002]).

We decline to impose sanction or to award attorneys' fees incurred in defending the appeal (*see* 22 NYCRR 130-1.1 [c] [1]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.