OPINION OF THE COURT
James E. d’Auguste, J.
Upon the so-ordered stipulation governing confidential information dated June 19, 2013 (Tingling, J.) (2013 order), and the parties’ correspondence dated September 8, 9, and 28, 2016, as well as correspondence dated October 18, 2016 on behalf of the City of New York, the court’s decision to unseal this matter in accordance with 22 NYCRR 216.1 is as follows.
The court finds the continued seal of this matter in its entirety to be contrary to public policy, and the provisions of the New York False Claims Act (FCA) (State Finance Law §§ 187-194) and 13 NYCRR 400.4 (c) (1) (providing that, after the State of New York has declined to intervene, the plaintiff relator shall cause the complaint to be unsealed).
“Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records.” (Mosallem v Berenson, 76 AD3d 345, 348 [1st Dept 2010].) There are statutory exceptions, such as the ones applicable to this type of qui tam action, requiring the action to be placed under seal at its inception. (See State Finance Law § 190 [2] [b].) The law requires that a qui tam complaint be unsealed if the State has decided to participate in the qui tam action (id. § 190 [3]) or if the plaintiff relator intends to proceed with the action, after the State and, if applicable, local municipality, decline to participate (13 NYCRR 400.4 [c] [1]). Under either scenario, the action proceeds under the applicable FCA provisions, New York Civil Practice Law and Rules, and other applicable laws. (State Finance Law § 190 [2] [f]; 13 NYCRR 400.4 *707 [c] [1].) Because the State and City have both declined to participate, the issue of whether the instant matter should be under seal is governed by the same laws as with any other action—specifically, 22 NYCRR 216.1 (a), which states:
“Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.”
Courts “must make an independent determination of whether to seal court records in whole or in part for ‘good cause.’ ” (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2d Dept 2007].) “However, since there is no absolute definition, good cause, in essence, ‘boils down to the prudent exercise of the court’s discretion,’ and thus a case-by-case analysis is warranted.” (Id. [ellipsis and citation omitted], quoting Coopersmith v Gold, 156 Misc 2d 594, 606 [Sup Ct, Rockland County 1992].) Additionally, “ ‘Confidentiality is clearly the exception, not the rule,’ and the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access.” (Mosallem, 76 AD3d at 349, quoting Matter of Hofmann, 284 AD2d 92, 93-94 [1st Dept 2001].)
Contrary to defendants’ contention, nothing in the 2013 order demonstrates “a written finding of good cause,” as it con-elusorily states that the allegations in the complaint contain “competitively sensitive and otherwise confidential and proprietary information concerning defendants’ business.” If that were true, it may justify the continued sealing of this matter. (See e.g. Mancheski v Gabelli Group Capital Partners, 20 Misc 3d 1118[A], 2006 NY Slip Op 52614[U], *4 [Sup Ct, Westchester County 2006].) However, that is not the case here, as defendants failed to point to any “evidence in the record as to why the documents [or allegations] are so confidential or sensitive that public access to them should be restricted.” (Mosallem, 76 AD3d at 350.) Consequently, “[defendants have failed to meet their burden of demonstrating compelling circumstances that would outweigh the public’s interest.” (Id.)
Similarly, plaintiff relator failed to meet his burden with respect to demonstrating compelling circumstances as to why his name should be kept confidential. Plaintiff relator’s af *708 fidavit fails to allege “facts from which any specific harm can be established, let alone harm that outweighs the importance of public access to the records. In any event, neither the potential for embarrassment or damage to reputation, nor the general desire for privacy, constitutes good cause to seal court records.” (Id. at 351.) Additionally, plaintiff relator has “not alleged a matter implicating a privacy right so substantial as to outweigh the customary and constitutionally embedded presumption of openness in judicial proceedings.” (“J. Doe No. 1” v CBS Broadcasting Inc., 24 AD3d 215 [1st Dept 2005].) Anonymity may otherwise be justified in “ ‘compelling’ situations involving ‘highly sensitive matters’ including ‘social stigmatization,’ real danger of ‘physical . . . harm,’ or ‘where the injury litigated against would occur as a result of the disclosure of the plaintiff’s identity.’ ” (Doe v Kidd, 19 Misc 3d 782, 789 [Sup Ct, NY County 2008], quoting Doe v New York Univ., 6 Misc 3d 866, 879 [Sup Ct, NY County 2004].) This is not to say that a plaintiff relator would be unable to demonstrate some other compelling reason to proceed anonymously, such as when he or she is still working for the defendants and is subject to the immediate possibility of retaliation, or there is empirical evidence of a genuine risk of being blackballed in a niche or an extremely close-knit industry. However, no such compelling reason is presented here.
Therefore the decision and order of this court dated December 8, 2016 (54 Mise 3d 1201[A], 2016 NY Slip Op 51771 DU] [Sup Ct, NY County 2016]) deciding defendants’ motion to dismiss (motion sequence No. 5) will not be redacted and shall be filed with the County Clerk in its entirety for public examination. However, the court will permit, at least at this juncture, the parties’ motion papers to be filed with redactions as proposed by each party, except that any information contained in the decision and order on motion sequence No. 5 shall not be redacted.*
Accordingly, it is hereby ordered that the seal imposed in this action is lifted as to (1) the instant order; (2) the decision *709 and order of this court resolving motion sequence No. 5; (3) the redacted set of (a) the parties’ papers accompanying motion sequence No. 5, and (b) plaintiff relator’s summons and complaint (as amended); and (4) all future filings; and it is further ordered that all papers previously filed in this action shall remain under seal, subject to further order of this court; and it is further ordered that, in accordance with the foregoing, each party shall submit a set of its redacted motion papers and pleadings directly to chambers within 30 days; such papers will be sent to the County Clerk for filing with the decision and order on motion sequence No. 5 (all of which shall be available for public inspection, as directed above); and it is further ordered that the caption is hereby amended from “Anonymous v Anonymous” to the caption as set forth in the unsealed summons; and it is further ordered that within 30 days, plaintiff relator shall serve a copy of this order with notice of entry, along with a copy of the unsealed summons (listing all the parties’ actual names), upon the General Clerk’s Office (room 119A), the Clerk of the Trial Support Office (room 158), and the County Clerk (room 141B) who are hereby directed to mark the court’s records to reflect the change in caption from “Anonymous v Anonymous” to the caption as set forth in the unsealed summons.

 Defendants’ letter dated September 9, 2016 enclosed a set of redacted papers in anticipation of the unsealing of this matter. In accordance with this order, however, the set of papers requested (that will be filed for public examination) need not include the motion papers from former defendant Marsh & McLennan Companies, Inc. on motion sequence No. 4. Additionally, the parties should be submitting their respective papers and pleadings— unless plaintiff stipulates in writing that he agrees with the redactions as proposed by defendants in the same form as it was submitted to the court. In *709 any event, the court is providing enough time for the parties to resubmit their set of unsealed papers and pleadings if necessary.