Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC (2022 NY Slip Op 02196)





Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC


2022 NY Slip Op 02196


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 653594/18 Appeal No. 15628 Case No. 2021-03584 

[*1]Heng Ren Silk Road Investments LLC, et al., Plaintiffs-Respondents,
v
Duff & Phelps, LLC, Defendant-Appellant.


Winston & Strawn LLP, New York (James P. Smith III of counsel), for appellant.
Gardy & Notis, LLP, New York (Jennifer Sarnelli of counsel), for respondents.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered September 29, 2021, which denied defendant Duff & Phelps, LLC's motion to seal a confidential valuation report, unanimously affirmed, with costs.
Duff & Phelps failed to show good cause to seal the valuation report at issue (see 22 NYCRR 216.1; Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010]; Mosallem v Berenson, 76 AD3d 345, 349 [1st Dept 2010]; Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 28 AD3d 322, 324 [1st Dept 2006]). Duff & Phelps's foreign law expert speculated that Duff & Phelps and its personnel could be subject to draconian penalties if it were found to be in violation of People's Republic of China Data Security Law (DSL) by filing the confidential valuation report with a foreign judicial entity. However, those conclusory statements are insufficient for good cause (Matter of Hofmann, 284 AD2d 92, 94 [1st Dept 2001]). Duff & Phelps admitted it did not believe the report fell under the DSL's parameters, and failed to provide any analysis as to why the Chinese authorities might disagree with that conclusion. Moreover, Duff & Phelps failed to provide any evidence regarding the likelihood of the Chinese authorities to apply the DSL, which went into effect on September 1, 2021, retroactively to a document created 3.5 years prior. On this record, Duff & Phelps also failed to sustain its burden of proving that the document at issue contained confidential proprietary information.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022