| **Matter of Castiglione v Morgan Stanley** |
|:---:|
| 2024 NY Slip Op 33303(U) |
| September 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161821/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY                                PART                56M

*Justice*

--------------------------------------------------------------------------------X

In the Matter of

ROBERT CASTIGLIONE, MARILYN CASTIGLIONE, SIGMUND ROGICH, THE ROGICH 2004 FAMILY IRREVOCABLE TRUST, and STEPHEN SAMEROFF,

Petitioners,

- v -

MORGAN STANLEY and DAVID TURETZKY,

Respondents.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161821/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 14, 15, 18 were read on this motion to/for                     SEAL CASE FILE                     .

In this proceeding pursuant to CPLR 7511 to vacate an arbitration award, the petitioners move pursuant to 22 NYCRR 216.1 to seal the case file. Although the respondents join in the petitioners' request to seal these records, the motion nonetheless is denied.

A brief outline of the parties' contentions is set forth in the petition, the answer, and their submissions in support of and in in opposition to those pleadings. In short, the petitioners submitted a complaint to the Financial Industry Regulatory Authority (FINRA), alleging that the respondents engaged in improper discretionary trading with respect to the assets that they had invested with and entrusted to the respondent Morgan Stanley. In an award dated September 13, 2023, a panel of three FINRA arbitrators ruled in favor of the respondents, and dismissed the petitioners complaint.

In this motion, the petitioners contend that the claims underlying their petition to vacate that award are of a sensitive nature, suggest that the papers filed in this proceeding might reveal information that is sensitive, and argue that the facts underlying the arbitrable claims are

161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL          Page 1 of 4
Motion No.  001

1 of 4

the subject of a confidentiality agreement or, at least, were meant to be kept confidential. These contentions are insufficient to support the respondent's request for a sealing order.

22 NYCRR 216.1(a) provides, in relevant part, that,

> "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records . . . except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties."

"[T]here is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). Although the public's right to access is not absolute (*see Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept. 2000]), "[t]he presumption of the benefit of public access to court proceedings takes precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public's right to access" (*Applehead Pictures, LLC v Perelman*, 80 AD3d 181, 191 [1st Dept 2010]; s*ee Matter of East 51st St. Crane Collapse Litig.,* 106 AD3d 473, 474 [1st Dept 2013]; *Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d at 6; *see also Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500, 501-502 [1st Dept 2011]). As the Appellate Division, First Department, has explained, it has "been reluctant to allow the sealing of court records" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d 322, 324 [1st Dept 2006]; *see Matter of Holmes v Winter,* 110 AD3d 134, 138 [1st Dept 2013], *revd other grounds* 22 NY3d 300 [2013]; *Mosallem v Berenson*, 76 AD3d at 350; *see generally Davis v Nyack Hosp.,* 130 AD3d 455, 456 [1st Dept 2015]; *Matter of Brownstone*, 191 AD2d 167, 168 [1st Dept 1993]).

"Thus, the court is required to make its own inquiry to determine whether sealing is warranted, and the court will not approve wholesale sealing of [court] papers, *even when both sides to the litigation request sealing*" (*Applehead Pictures, LLC v Perelman*, 80 AD3d at 192 [citations omitted] [emphasis added]*; see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d at 324; *Liapakis v Sullivan*, 290 AD2d 393, 394 [1st Dept 2002]; *Matter of Hofmann*, 284

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL**          **Page 2 of 4**
**Motion No.  001**

AD2d 92, 93 [1st Dept 2001] [denying request to seal court records despite the parties' confidentiality agreement]).

The party seeking to seal court records has the burden of establishing "good cause" for the sealing order (*Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]). "Since confidentiality is the exception," the movant must establish that "public access to the documents at issue will likely result in harm to a compelling interest of the movant and that no alternative to sealing can adequately protect the threatened interest" (*id.* [citations omitted]). This court has discretion, on a case-by-case basis, to determine if good cause exists (*see id.*). Hence, where a party fails to show the existence of a compelling reason to seal a record, sealing should be denied (*see Davis v Nyack Hosp.,* 130 AD3d at 456).

Neither a party's embarrassment nor a general desire for privacy is sufficient, of itself, to establish good cause for sealing a court file (*see Matter of Holmes v Winter*, 110 AD3d at 138; *Mosallem v Berenson*, 76 AD3d at 351; *Liapakis v Sullivan*, 290 AD2d at 394; *Matter of Benkert*, 288 AD2d 247, 247 [1st Dept 2001]; *Matter of Hofmann*, 284 AD2d at 93; *State of New York ex rel. Aniruddha Banerjee v Moody's Corp*., 54 Misc 3d 705, 708 [Sup Ct, N.Y. County 2016]).

Conclusory claims of the need for confidentiality, based on the alleged adverse consequences arising from public access to certain documents, and even the existence of a confidentiality agreement between the parties, are insufficient bases upon which to seal court records (*see Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC,* 203 AD3d 659, 660 [1st Dept 2022] [conclusory statements that defendant might be subject to draconian penalties if it were found to be in violation of the Chinese Data Security Law by filing a confidential valuation report with a United States court are insufficient to establish good cause for sealing]; *Norddeutsche Landesbank Girozentrale v Tilton*, 165 AD3d 447, 448-449 [1st Dept 2018] [although the disclosures that the defendants sought to seal involved sensitive financial information that related to information contained in tax returns, their request for a sealing order was properly denied, since those documents were not actual tax returns, and did not involve trade secrets or

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL        Page 3 of 4**
  **Motion No.  001**

3 of 4

information that could result in a competitive disadvantage to defendants]; *Matter of Benkert*, 288 AD2d at 247; *Matter of Hofmann*, 284 AD2d at 93; *Matter of Tram Thuy Nguyen,* NYLJ, Feb. 23, 2016, at 22, col 6, 2016 NYLJ LEXIS 2391 [Sur Ct, N.Y. County, Feb. 18, 2016]; *Matter of Golden*, NYLJ, Jul. 16, 2015, at 24, col 1 [Sur Ct, N.Y. County]; *Matter of Brown*, NYLJ, Apr. 10, 2013, at 23, col 6 [Sur Ct, Kings County]; *Matter of Soltesz,* NYLJ, Jun. 29, 2015, at 25 [Sur Ct, Bronx County]). The court notes that, in any event, the parties remain bound by any confidentiality agreement into which they entered or will enter, as that is a binding contract subject to generally applicable rules of contract construction (*see generally Garda United States v Sun Capital Partners*, 194 AD3d 545, 547-548 [1st Dept 2021]).

Inasmuch as the petitioners have made no showing of good cause as to why the court file should be sealed in this proceeding, their motion must be denied.

Accordingly, it is,

ORDERED that the motion is denied.

This constitutes the Decision and Order of the court.

<table>
<tr><td>_____9/20/2024_____<br>DATE</td><td>_____<br>JOHN J. KELLEY, J.S.C.</td></tr>
</table>

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161821/2023   CASTIGLIONE, ROBERT AND MARILYN ET AL vs. MORGAN STANLEY ET AL**          **Page 4 of 4**
   **Motion No.  001**