| **Philip v New York Foundling** |
| :---: |
| 2025 NY Slip Op 30558(U) |
| February 19, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155478/2021 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

PART 56M

---------------------------------------------------------------------------X

JOHN PHILIP, as Administrator of the Estate of JOEY
PHILIP, Deceased,

INDEX NO. 155478/2021

Plaintiff,

MOTION DATE 01/07/2025

- v -

MOTION SEQ. NO. 002

NEW YORK FOUNDLING, formerly known as THE NEW
YORK FOUNDLING HOSPITAL, KAI HUANG, GARY M.
PHILLIPS, MARIANNA GOLDEN, SHOLEH KAMALIAN,
DANIEL SILOVITZ, and MONTEFIORE NYACK HOSPITAL,

**DECISION + ORDER ON
MOTION**

Defendants.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 134, 135, 136, 137, 138

were read on this motion to/for _____ SEAL _____.

    In this action to recover damages pursuant to Public Health Law §§ 2801-d and 2803-c, and to recover damages for common-law negligence and medical malpractice, the defendant New York Foundling, formerly known as The New York Foundling Hospital (NYF), moves (a) pursuant to 14 NYCRR 624.8, 22 NYCRR 216.1, Mental Hygiene Law § 33.25, and Social Services Law § 496 to seal docket entries in this action that contain records of an investigation conducted by the New York State Justice Center for the Protection of People with Special Needs (the Justice Center) and (b) pursuant to 22 NYCRR 216.1 and Mental Hygiene Law 33.13(c) to seal docket entries in this action that contain the clinical records of the decedent Joey Philips that it had generated and currently maintains. No party opposes the motion. The motion is granted, and the documents uploaded to the New York State Court Electronic Filing (NYSCEF) system as docket entry numbers 119 and 120 shall be sealed, except as to the parties, their attorneys, and court personnel, provided that, if this action is permitted to proceed to trial, those records are requested by a party to be admitted into evidence at trial, and are, in

155478/2021 JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,
DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No. 002

Page 1 of 7

1 of 7

[* 1]

fact, admitted into evidence by the trial justice, the finder or finders of fact may review and consider those documents.

22 NYCRR 216.1(a) provides, in relevant part, that,

> "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records . . . except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties."

"[T]here is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). Although the public's right to access is not absolute (*see Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept. 2000]), "[t]he presumption of the benefit of public access to court proceedings takes precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public's right to access" (*Applehead Pictures, LLC v Perelman*, 80 AD3d 181, 191 [1st Dept 2010]; s*ee Matter of East 51st St. Crane Collapse Litig.,* 106 AD3d 473, 474 [1st Dept 2013]; *Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d at 6; *see also Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500, 501-502 [1st Dept 2011]). As the Appellate Division, First Department, has explained, it has "been reluctant to allow the sealing of court records" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d 322, 324 [1st Dept 2006]; *see Matter of Holmes v Winter,* 110 AD3d 134, 138 [1st Dept 2013], *revd other grounds* 22 NY3d 300 [2013]; *Mosallem v Berenson*, 76 AD3d at 350; *see generally Davis v Nyack Hosp.,* 130 AD3d 455, 456 [1st Dept 2015]; *Matter of Brownstone*, 191 AD2d 167, 168 [1st Dept 1993]).

"Thus, the court is required to make its own inquiry to determine whether sealing is warranted, and the court will not approve wholesale sealing of [court] papers, *even when both sides to the litigation request sealing*" (*Applehead Pictures, LLC v Perelman*, 80 AD3d at 192 [citations omitted] [emphasis added]*; see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d at 324; *Liapakis v Sullivan*, 290 AD2d 393, 394 [1st Dept 2002]; *Matter of Hofmann*, 284

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,**
**DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No.  002**

Page 2 of 7

2 of 7

[* 2]

AD2d 92, 93 [1st Dept 2001] [denying request to seal court records despite the parties' confidentiality agreement]).

The party seeking to seal court records has the burden of establishing "good cause" for the sealing order (*Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]). "Since confidentiality is the exception," the movant must establish that "public access to the documents at issue will likely result in harm to a compelling interest of the movant and that no alternative to sealing can adequately protect the threatened interest" (*id.* [citations omitted]). This court has discretion, on a case-by-case basis, to determine if good cause exists (*see id.*). Hence, where a party fails to show the existence of a compelling reason to seal a record, sealing should be denied (*see Davis v Nyack Hosp.,* 130 AD3d at 456).

Neither a party's embarrassment nor a general desire for privacy is sufficient, of itself, to establish good cause for sealing a court file (*see Matter of Holmes v Winter*, 110 AD3d at 138; *Mosallem v Berenson*, 76 AD3d at 351; *Liapakis v Sullivan*, 290 AD2d at 394; *Matter of Benkert*, 288 AD2d 247, 247 [1st Dept 2001]; *Matter of Hofmann*, 284 AD2d at 93; *State of New York ex rel. Aniruddha Banerjee v Moody's Corp*., 54 Misc 3d 705, 708 [Sup Ct, N.Y. County 2016]). Moreover, conclusory claims of the need for confidentiality, based on the alleged adverse consequences arising from public access to certain documents, and even the existence of a confidentiality agreement between the parties, are insufficient bases upon which to seal court records (*see Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC,* 203 AD3d 659, 660 [1st Dept 2022] [conclusory statements that defendant might be subject to draconian penalties if it were found to be in violation of the Chinese Data Security Law by filing a confidential valuation report with a United States court are insufficient to establish good cause for sealing]; *Norddeutsche Landesbank Girozentrale v Tilton*, 165 AD3d 447, 448-449 [1st Dept 2018] [although the disclosures that the defendants sought to seal involved sensitive financial information that related to information contained in tax returns, their request for a sealing order was properly denied, since those documents were not actual tax returns, and did not involve trade secrets or

155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,                    Page 3 of 7
DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  002

[* 3]                                                  3 of 7

information that could result in a competitive disadvantage to defendants]; *Matter of Benkert*, 288 AD2d at 247; *Matter of Hofmann*, 284 AD2d at 93; *Matter of Tram Thuy Nguyen,* NYLJ, Feb. 23, 2016, at 22, col 6, 2016 NYLJ LEXIS 2391 [Sur Ct, N.Y. County, Feb. 18, 2016]; *Matter of Golden*, NYLJ, Jul. 16, 2015, at 24, col 1 [Sur Ct, N.Y. County]; *Matter of Brown*, NYLJ, Apr. 10, 2013, at 23, col 6 [Sur Ct, Kings County]; *Matter of Soltesz*,  NYLJ, Jun. 29, 2015, at 25 [Sur Ct, Bronx County]).

Nonetheless, in the instant action, a statute governs public access to the investigatory documents that NYF seeks to seal.  Social Services Law § 496 provides that,

> "[u]nless an investigation of a report conducted pursuant to this article [by the Justice Center] has been *substantiated*, all information, including information identifying the subject of the report and other persons named in the report, shall be sealed forthwith by the vulnerable persons' central register, the state oversight agency and the facility or provider agency"

(emphasis added).  In implementing the directives of that statute, 14 NYCRR 624.5 provides as follows:

> "Confidentiality of records.  All records generated in accordance with the requirements of this Part must be kept confidential and must not be disclosed except as otherwise authorized by law or regulation.  Records of reportable incidents that are reported to the Justice Center are to be kept confidential pursuant to SSL § 496."

Inasmuch as the Justice Center's investigation determined that the relevant allegations of wrongful conduct that had been lodged against NYF were unsubstantiated, NYF has established good cause to seal the documents uploaded to NYSCEF under docket entry number 120.

With respect to the clinical mental health records generated and maintained by NYF in connection with the decedent, Mental Hygiene Law § 33.13(c)(4) provides that clinical records "about patients or clients" such as the decedent, which have been "reported to the [applicable community services] offices, including the identification of patients or clients, clinical records or clinical information tending to identify patients or clients, . . . at [community services] office facilities shall not be a public record and shall not be released by the offices or its facilities to

155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP, DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No.  002

Page 4 of 7

4 of 7

any person or agency outside of the offices except" to a limited number of persons and governmental agencies, including the Justice Center. Mental Hygiene Law § 33.13(c)(7) authorizes the release of such records to a person authorized by a patient or client to act on behalf of that patient or client, such as an attorney. The plaintiff's attorney here has been given access to the decedent's clinical records. Crucially, Mental Hygiene Law § 33.13 does not authorize giving access to such clinical records to the public at large. Although Mental Hygiene Law § 33.13(c) "is a confidentiality provision, not a sealing provision" (*Matter of James Q.*, 154 AD3d 58, 63 [3d Dept 2017], *affd* 32 NY3d 671 [2019]), and, thus, does not provide for the automatic sealing of those clinical psychiatric records covered by the statute (*see Matter of James Q.*, 32 NY3d at 673), it does not preclude sealing where the relevant factors are present. The court concludes that, upon balancing those factors, the sealing of those clinical records here is warranted, except as to the parties, their attorneys, and court personnel, provided that, if this action is permitted to proceed to trial, those records are requested by a party to be admitted into evidence at trial, and are, in fact, admitted into evidence by the trial justice, the finder or finders of fact may review and consider those documents.

Accordingly, it is,

ORDERED that the motion of the defendant New York Foundling, formerly known as The New York Foundling Hospital, to seal the documents that it uploaded to the New York State Court Electronic Filing system as docket entry numbers 119 and 120 is granted, without opposition; and it is further,

ORDERED that the documents uploaded to the New York State Court Electronic Filing system as docket entry numbers 119 and 120 be, and hereby are, sealed, except as to the parties, their attorneys, and court personnel, provided that, if this action is permitted to proceed to trial, those records are requested by a party to be admitted into evidence at trial, and those records are, in fact, admitted into evidence by the trial justice, the finder or finders of fact may review and consider those documents; and it is further,

155478/2021 JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,
DECEASED vs. THE NEW YORK FOUNDLING ET AL
Motion No. 002

Page 5 of 7

ORDERED that, within 15 days of the entry of this decision and order, the defendant New York Foundling, formerly known as The New York Foundling Hospital, shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the plaintiff shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon seal docket entry numbers 119 and 120, except as to the parties, their attorneys, and court personnel, provided that, if this action is permitted to proceed to trial, those records are requested by a party to be admitted into evidence at trial, and those records are, in fact, admitted into evidence by the trial justice, the finder or finders of fact may review and consider those documents; and it is further,

ORDERED that, immediately after serving a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office in accordance with the previous paragraph, the defendant New York Foundling, formerly known as The New York Foundling Hospital, shall contact either Janaud J. Miller, jjmiller@nycourts.gov, 646-386-3998, or Lupita J. Sosa, lsosa@nycourts.gov, 646-386-3737, or Deaunte Timmons, dtimmons@nycourts.gov, 646-386-3737, to inform one of them that it has properly served the County Clerk and the Clerk of the General Clerk's Office with a copy of this order with notice of entry.

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,**
**DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No.  002**

**Page 6 of 7**

This constitutes the Decision and Order of the court.

_____
**2/19/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155478/2021   JOHN PHILIP, AS ADMINISTRATOR OF THE ESTATE OF JOEY PHILIP,**
**DECEASED vs. THE NEW YORK FOUNDLING ET AL**
**Motion No.  002**

**Page 7 of 7**

7 of 7

[* 7]