| **Hanover v Speaker** |
|:---:|
| 2026 NY Slip Op 31017(U) |
| March 16, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805226/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. JOHN J. KELLEY</u>

*Justice*

PART                56M

-------------------------------------------------------------------------------X

DANIEL HANOVER,

Plaintiff,

- v -

MARK SPEAKER, M.D, TLC THE LASER CENTER, INC., doing business as TLC THE LASIK CENTER-NYC, LASER AND CORNEA SURGERY ASSOCIATES, P.C., ALYSSA MANCUSO, O.D., STEVEN SIEGEL, O.D., and DOES 1 Through 10, Inclusive,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805226/2023 |
| MOTION DATE | 01/16/2026 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168

were read on this motion to/for          PROTECTIVE ORDER/SEAL RECORDS          .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice and lack of informed consent, the plaintiff moves pursuant to CPLR 3103 for a protective order compelling the defendants to enter into a confidentiality stipulation, for judicial approval of that stipulation, and to limit access to docket entries in this action to the parties, their attorneys, their experts, and court personnel. The defendants Mark Speaker, M.D., and Laser and Cornea Surgery Associates, P.C., oppose the motion. The defendants Alyssa Mancuso, O.D., and Steven Siegel, O.D., separately oppose the motion. The motion is granted only to the extent that the tax returns of the plaintiff and the company that he owns shall remain confidential, and the motion is otherwise denied.

By placing his medical condition in controversy, the plaintiff has waived both the common-law physician-patient privilege and the physician-patient privilege recognized by the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d, *et seq*.). Thus, in the first instance, all issues relevant to the plaintiff's medical treatment and ongoing medical

**805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL**
**Motion No. 007**

Page 1 of 6

[* 1]

conditions became discoverable (*see Winslow v New York-Presbyterian/Weill-Cornell Med. Ctr.,* 203 AD3d 533, 533 [1st Dept 2022]; *Jones v FEGS-WeCARE/Human Resources, NYC*, 139 AD3d 627, 628 [1st Dept 2016]; *Giustiniani v Giustiniani*, 278 AD2d 609, 611 [3d Dept 2000]; *Monica W. v Milevoi*, 252 AD2d 260, 262 [1st Dept 1999] [medical records]; *Kaplowitz v Borden, Inc*., 189 AD2d 90, 92-93 [1st Dept 1993] [medical records]; *Napoleoni v Union Hosp*., 207 AD2d 660, 662 [1st Dept 1994]).

While parties are free to enter into any confidentiality agreement that they desire, this court generally is not obligated to compel any party to enter into such an agreement, and it is not obligated to "so-order" any such agreement that the parties enter into, thus turning what otherwise is a contractual obligation into an obligation that could be punished by contempt (*see Kim & Bae, P.C. v Lee*, 173 AD3d 990, 993 [2d Dept 2019] [plaintiff moved for "a protective order compelling the defendants to execute a confidentiality agreement," but the "motion . . . for a protective order contained only conclusory assertions that confidentiality protection was necessary"]). Here, the information and documents that the plaintiff seeks to keep confidential include information about the plaintiff's company, which apparently has been valuated at a significant amount. Other than asserting that his company is a substantial business entity, the plaintiff has not identified any documents that might constitute a trade secret or which, if revealed, would place that company at a competitive disadvantage. He seems to argue that the mere fact that his company is valued at a substantial level is sufficient to seal or require confidentiality with respect to his claim for lost earnings. Nonetheless, public access to the amounts of lost earnings, or even the public valuation of the company, other than the plaintiff's and his company's tax returns, which should remain confidential (*see JPMorgan Chase Funding Inc. v Cohan,* 134 AD3d 455, 456 [1st Dept 2015]), would not implicate the revelation of any trade secret and would not pose any threat to the competitive position of the plaintiff's company.

To the extent that the plaintiff seeks also to limit the use of such confidential documents to this litigation only, and restricting dissemination of uploaded records only to the parties,

805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL
Motion No. 007

Page 2 of 6

[* 2]

counsel, experts, and court personnel, he is, in effect, seeking to seal the docket entries in this action pursuant to 22 NYCRR 216.1(a), as well as for relief pursuant to CPLR 3103. 22 NYCRR 216.1(a) provides, in relevant part, that

> "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records . . . except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties."

"[T]here is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). Although the public's right to access is not absolute (*see Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept. 2000]), "[t]he presumption of the benefit of public access to court proceedings takes precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public's right to access" (*Applehead Pictures, LLC v Perelman*, 80 AD3d 181, 191 [1st Dept 2010]; s*ee Matter of East 51st St. Crane Collapse Litig.,* 106 AD3d 473, 474 [1st Dept 2013]; *Danco Labs. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d at 6; *see also Schulte Roth & Zabel, LLP v Kassover*, 80 AD3d 500, 501-502 [1st Dept 2011]). As the Appellate Division, First Department, has explained, it has "been reluctant to allow the sealing of court records" (*Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d 322, 324 [1st Dept 2006]; *see Matter of Holmes v Winter,* 110 AD3d 134, 138 [1st Dept 2013], *revd other grounds* 22 NY3d 300 [2013]; *Mosallem v Berenson*, 76 AD3d at 350; *see generally Davis v Nyack Hosp.,* 130 AD3d 455, 456 [1st Dept 2015]; *Matter of Brownstone*, 191 AD2d 167, 168 [1st Dept 1993]).

"Thus, the court is required to make its own inquiry to determine whether sealing is warranted, and the court will not approve wholesale sealing of [court] papers, *even when both sides to the litigation request sealing*" (*Applehead Pictures, LLC v Perelman*, 80 AD3d at 192 [citations omitted] [emphasis added]*; see Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.U.*, 28 AD3d at 324; *Liapakis v Sullivan*, 290 AD2d 393, 394 [1st Dept 2002]; *Matter of Hofmann*, 284

805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL
Motion No.  007

Page 3 of 6

[* 3]

AD2d 92, 93 [1st Dept 2001] [denying request to seal court records despite the parties' confidentiality agreement]).

The party seeking to seal court records has the burden of establishing "good cause" for the sealing order (*Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]). "Since confidentiality is the exception," the movant must establish that "public access to the documents at issue will likely result in harm to a compelling interest of the movant and that no alternative to sealing can adequately protect the threatened interest" (*id.* [citations omitted]). This court has discretion, on a case-by-case basis, to determine if good cause exists (*see id.*). Hence, where a party fails to show the existence of a compelling reason to seal a record, sealing should be denied (*see Davis v Nyack Hosp.,* 130 AD3d at 456).

Neither a party's embarrassment nor a general desire for privacy is sufficient, of itself, to establish good cause for sealing a court file (*see Matter of Holmes v Winter*, 110 AD3d at 138; *Mosallem v Berenson*, 76 AD3d at 351; *Liapakis v Sullivan*, 290 AD2d at 394; *Matter of Benkert*, 288 AD2d 247, 247 [1st Dept 2001]; *Matter of Hofmann*, 284 AD2d at 93; *State of New York ex rel. Aniruddha Banerjee v Moody's Corp*., 54 Misc 3d 705, 708 [Sup Ct, N.Y. County 2016]). Rather, the remedy for preventing the potential for significant embarrassment is to permit a party to proceed anonymously (*see Doe v Yeshiva Univ*., 195 AD3d 565, 566 [1st Dept 2021]). Conclusory claims of the need for confidentiality, and even the existence of a confidentiality agreement between the parties, are insufficient bases upon which to seal court records (*see Matter of Benkert*, 288 AD2d 147, 147 [1st Dept 2001]; *Matter of Hofmann*, 284 AD2d 92, 93 [1st Dept 2001]; *Matter of Tram Thuy Nguyen,* NYLJ, Feb. 23, 2016, at 22, col 6, 2016 NYLJ LEXIS 2391 [Sur Ct, N.Y. County, Feb. 18, 2016]; *Matter of Golden*, NYLJ, Jul. 16, 2015, at 24, col 1 [Sur Ct, N.Y. County]; *Matter of Brown*, NYLJ, Apr. 10, 2013, at 23, col 6 [Sur Ct, Kings County]; *Matter of Soltesz,* NYLJ, Jun. 29, 2015, at 25 [Sur Ct, Bronx County]).

Conclusory claims of the need for confidentiality that are based on the alleged adverse consequences arising from public access to certain documents, and even the existence of a

805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL
Motion No. 007

Page 4 of 6

4 of 6

[* 4]

confidentiality agreement between the parties, are insufficient bases upon which to seal court records (*see Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC,* 203 AD3d 659, 660, 163 N.Y.S.3d 405 [1st Dept 2022] [conclusory statements that defendant might be subject to draconian penalties if it were found to be in violation of the Chinese Data Security Law by filing a confidential valuation report with a United States court are insufficient to establish good cause for sealing]; *Norddeutsche Landesbank Girozentrale v Tilton*, 165 AD3d 447, 448-449, 86 N.Y.S.3d 12 [1st Dept 2018] [although the disclosures that the defendants sought to seal involved sensitive financial information that related to information contained in tax returns, their request for a sealing order was properly denied, since those documents were not actual tax returns, and did not involve trade secrets or information that could result in a competitive disadvantage to defendants]; *Matter of Benkert*, 288 AD2d at 147; *Matter of Hofmann*, 284 AD2d at 93; *Matter of Tram Thuy Nguyen*, NYLJ, Feb. 23, 2016, at 22, col 6, 2016 NYLJ LEXIS 2391 [Sur Ct, N.Y. County, Feb. 18, 2016]; *Matter of Golden*, NYLJ, Jul. 16, 2015, at 24, col 1 [Sur Ct, N.Y. County]; *Matter of Brown*, NYLJ, Apr. 10, 2013, at 23, col 6 [Sur Ct, Kings County]; *Matter of Soltesz*, NYLJ, Jun. 29, 2015, at 25 [Sur Ct, Bronx County]).  Since the court concludes that the reasons for the omnibus sealing of records were merely conclusory, it declines both to compel the defendants to execute a stipulation of confidentiality and declines to "so-order" it, except that tax returns shall remain confidential.  It also discerns no basis for sealing business-related documents, other than tax returns should they be uploaded as an exhibit to a motion.

The rule disfavoring the sealing of records in a civil action frequently has been applied to deny requests for the sealing of medical records, despite a party's contention that the records contained sensitive or embarrassing medical information (*see Matter of Jose V.,* 214 AD3d 523, 523-524 [1st Dept 2023] [citing *Matter of Gliklad v Deripaska*, 185 AD3d 512, 514 (1st Dept 2020), and holding that "(a)ny concerns about the confidentiality of certain records could be adequately remedied through redaction"]; *Del Grosso v Jimmy Jazz Staten Is., LLC*, 190 AD3d

805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL                    Page 5 of 6
Motion No.  007

5 of 6

409, 410 [1st Dept 2021] ["Plaintiff put his mental condition in issue by alleging that he sustained cognitive and psychological injuries [and] impairments such that the interests of justice significantly outweighed the need to maintain confidentiality of those records"]; *Kelly D. v Niagara Frontier Tr. Auth.*, 177 AD3d 1261, 1264 [4th Dept 2019]; *Ava v NYP Holdings, Inc.*, 64 AD3d 407, 416 [1st Dept 2009]; *Borek v Seidman*, 2023 NY Slip Op 30617[U], *3-4, 2023 NY Misc LEXIS 854, *5 [Sup Ct, N.Y. County, Mar. 3, 2023] [Kelley, J.]; *Guberman v West*, 2019 NY Slip Op 33508[U], *4-5, 2019 NY Misc LEXIS 6352, *5-6 [Sup Ct, N.Y. County, Nov. 21, 2019]).  The New York State court system processes thousands of medical and dental malpractice actions every year, and, if the court were to apply the plaintiff's analysis to the issue of sealing, every malpractice action---and, in fact, most other personal injury actions---would have to be sealed, since the case files in those actions invariably include medical records and reports referable to a plaintiff (*cf. Matter of Soltesz*,  NYLJ, Jun. 29, 2015, at 25 [Sur Ct, Bronx County] ["to allow sealing of a record solely based upon the 'desire' of the parties to keep secret the settlement amount would open the door to an application's] being made in every tort action"]).

Accordingly, it is

ORDERED that the plaintiff's motion is granted to the extent that any and all of his tax returns and the tax returns of his company shall remain confidential, and the motion is otherwise denied.

This constitutes the Decision and Order of the court.

**3/16/2026**
**DATE**

**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

805226/2023   HANOVER, DANIEL vs. SPEAKER M.D., MARK ET AL          Page 6 of 6
Motion No.  007

6 of 6

[* 6]